## WEEKS *vs.* LOVE, Adm'r.

1. An administrator who has paid money through mistake, to the administrator *de bonis non* who succeeds him, cannot recover it in assumpsit from a successive administrator *de bonis non*.

ERROR to the Circuit Court of Pike county. Tried before the Hon. Robert Dougherty.

SAYRE, for the plaintiff in error:

1. When money is paid under a mistake of fact or false representation, it may be recovered back.—Martin v. Morgan, 5 Eng. Com. Law, Rep. 87.

2. Money paid under a mutual mistake of facts, there being no fraud, may be recovered back.—1 Sup. U. S. Dig. 192.

3. When an administrator of an insolvent estate has overpaid a debt, he may recover it back in assumpsit.—Ib.

4. And it may be recovered back from the administrator *de bonis non*, when passed to the estate as assets.—Houston v. Frazer, 8 Ala. 81; Sellers v. Smith, 11 Ala. 264.

BUFORD, for the defendant:

1. The first three propositions above are admitted; the fourth is not sustained by the cases referred to, but they go rather to

3

show that the action should have been against Love, in his individual, and not in his representative capacity ; or rather should have been against John & Mary McBeth, who received the money.

2. It does not appear from the bill of exceptions, that the overplus paid by Weeks to McBeth was turned over to defendant with the assets ; and must be intended to be still in Mc-Beth's hands.

3. In Williamson v. Howell, et al. 4 Ala. 693, the court held that even the surety of the administrator had not the right to have his principal's mistake (in a settlement of the estate) corrected in the absence of fraud; so here, if the mistake was in the settlement (and as to that, the bill of exceptions is silent) in the absence of fraud it cannot be corrected. But if the mistake (as perhaps was the case) consisted in paying over more than was found to be due them, it is not assets, but it is in the hands of John & Mary McBeth, and they are individually liable.

4. It does not appear from the bill of exceptions, that the overplus paid by plaintiff ever was applied either by McBeth or this defendant to the use of the estate; if the estate never received the money, the estate is not liable.

CHILTON, J.—This was an action brought by the plaintiff in error against the defendant, as administrator of the estate of Walter McBeth, to recover money, which the plaintiff, as administrator in chief of the same estate, had paid by mistake to John C. & Mary McBeth, who succeeded him in the administration. It appeared that John C. & Mary had quit the administration, and had turned over the assets of the estate to the defendant, who was administrator de bonis non, by virtue of his office, as sheriff of the county. The bill of exceptions does not state that the money thus paid by the plaintiff through mistake to the intervening representatives, was treated by them as assets, or paid over by them to the defendant, who succeeded them ; but only shows that the assets of the estate passed into the defendant's hands. The court charged the jury, that upon this proof the plaintiff could not recover.

In our opinion, this charge was correct; for it is very clear that the money overpaid through mistake was not an asset of the estate, and that the estate could not be made chargeable on

account of its receipt by the administrator *de bonis non*, but the party who has it in possession has money which, *ex æquo et bono*, belongs to the party, who, through mistake, has paid it, and is liable, not as administrator, but in his individual capacity, to refund it to the plaintiff. The cases of Houston v. Frazer, 8 Ala. Rep. 81; and Sellers v. Smith, 11 ib. 264; furnish a sufficient guide as to the manner in which a recovery may be had. It is very certain, that if the defendant has only received the assets proper belonging to the estate (and the bill of exceptions certifies to us, that he has only received such) he cannot be charged by reason of their receipt for moneys, which a previous administrator of the same estate has improperly received, and which do not belong to the estate. It is too well settled to require the citation of authority, that an administrator cannot by any act of his create a right of action against the estate he represents, however he may subject himself to personal liability. If he enter into a contract, or give a note, as administrator, the estate is not bound, but himself individually, upon such contract or promise.

Let the judgment be affirmed.