(117 So. 63)
**BOND v. McFARLAND et al.** (6 Div. 81.)

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 7, 1928.

1. Equity 141(2)—Bill must clearly show complainant's right, title, or interest in subject-matter.

In equity pleading, bill of complaint must show by clear and unambiguous averments complainant's right, title, or interest in the subject-matter of the suit.

2. Cancellation of instruments 37(1)—Bill by heirs to cancel decedent's conveyance, alleging decedent executed will, without showing beneficiaries thereof, failed to show sufficient interest in complainants to maintain bill.

Bill by heirs of decedent to cancel conveyance by decedent and for division of lands, averring that decedent executed will disposing of property, but not alleging to whom property was devised, or whether complainants derived any title under will, or that decedent's wishes were changed by undue influence of defendant to whom property was conveyed, failed to show sufficient title or interest in the complainants to maintain bill, since will if valid may have devised property to others than complainants, in which case complainants had no interest in property, as they could not take by inheritance unless decedent died intestate.

3. Pleading 8(14)—Allegation that heirs seeking to cancel decedent's conveyance are entitled to inheritance under law of descent and distribution held conclusion and inconsistent with allegation that decedent made will.

In bill by heirs of decedent to cancel conveyance by decedent and for division of land, averment that complainants are entitled to inherit their distributive share in property under law of descent and distribution *held* mere conclusion and inconsistent with paragraph charging decedent made will.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Sarah McFarland, Carrie Stewart, and Fred Poyner against Myrtle Bond, Emma Hammett, and Fannie Whitlowe. From a decree overruling her demurrer to the amended bill, respondent Bond appeals. Reversed and remanded.

The bill alleges that Mattie A. Smith died April 18, 1927, leaving as her only heirs and next of kin the parties to this suit, com-

plainant McFarland and respondents Hammett and Whitlowe, sisters, complainant Stewart and respondent Bond, nieces; and complainant Poyner, a nephew; that at the time of her death deceased owned certain described real estate in the city of Birmingham; that "on, to wit, February 1, 1927, your orators are informed, and believe and charge, that the deceased, Mattie A. Smith, executed a will to said property described in paragraph 3 of this bill of complaint, and also in said will disposed of what cash she had on hand, amounting to some $2,000 or $3,000"; that on or about March 22, 1927, deceased executed a deed, attempting to convey all the realty she had to Myrtle Bond, said deed reciting as a consideration the assumption and payment to the city of Birmingham a municipal assessment for street improvements and the further consideration of $5 and natural love and affection; that said consideration was of value no greater than $300, whereas the property conveyed was of a value of $10,000 or $12,000, and constituted all the real property owned by deceased at the time of her death, and "orators are entitled to inherit their distributive share in said property under and by virtue of the law of descents and distribution; and that the actual consideration was wholly inadequate for the execution of said deed."

It is further alleged that deceased was, at the time of executing the deed, about 78 years of age, "feeble in mind and body, of insufficient mental capacity with which to make a valid deed"; that between the execution of the will and the execution of the deed deceased was confined in a hospital; that at the time of the execution of the deed she was at home in bed, where she had been for some time, and remained until her death; that "at the time of the execution of said deed she had lost her eyesight, was in a very feeble state of health, her mind was weak, and she was incapable of conveying title to said property; that respondent was a young woman, strong in health and vigorous in body and mind and of a domineering influence; that some time after she learned of the execution of said will, the respondent, Myrtle Bond, with the aid of her mother, Emma Hammett, began to exercise her domineering influence over decedent, and soon thereafter she endeavored to interest her in the further disposition of her property, as she wanted it, and prevailed on her and exercised such an undue influence over the decedent, while she was in this enfeebled condition of mind and body, as to cause her to execute said deed of conveyance; and orators allege that it was under the conditions and circumstances heretofore referred to, and while the deceased was under said domination and duress of the said respondent, Myrtle Bond, and her mother, that said deed was executed."

The prayer seeks a cancellation of the conveyance and sale of the lands for division.

John C. Carmichael and Crampton Harris, both of Birmingham, for appellant.

Every bill in equity must affirmatively show by clear and unambiguous averments the complainants' right, title, and interest in and to the subject-matter of the suit. Seals v. Robinson, 75 Ala. 363; Lake v. Security Loan Asso., 72 Ala. 207; Land v. Cowan, 19 Ala. 297; Rapier v. Gulf City Paper Co., 64 Ala. 330. It is also essential that the bill set forth the injuries to complainants' rights, done or threatened by respondent. Duckworth v. Duckworth, 35 Ala. 70.

Windham & Countryman, of Birmingham, for appellees.

It is not necessary, in a bill charging fraud by undue influence, to set forth clearly the facts constituting the fraud, where it is alleged that the person upon whom the fraud was practiced was in a weak mental state. Powe v. Payne, 208 Ala. 527, 94 So. 587; Cox v. Parker, 212 Ala. 35, 101 So. 657.

ANDERSON, C. J. [1–3] It is a well-settled rule of equity pleading that a bill of complaint must show by clear and unambiguous averments the complainant's right, title, or interest in and to the subject-matter of the suit. Seals v. Robinson & Co., 75 Ala. 363; Lake v. Security Loan Association, 72 Ala. 207. The present bill as amended contains paragraph 4, which avers that the decedent executed a will disposing of her property, including the real estate in controversy, February 1, 1927. It does not therefore appear to whom the property was devised, or whether or not the present complainants derived any right or title under the will. If the will was valid, and it is not assailed by the bill, the testatrix may have willed the property in question to some one other than the complainants, and, if such was the case, they had no interest in the property, as they could not take by inheritance unless the decedent died intestate as to the property by controversy. True, in the amendment to paragraph 6 of the bill, it is averred that "orators are entitled to inherit their distributive share in said property under and by virtue of the law of descent and distribution." This is not only a mere conclusion, but is inconsistent with and contradictory of the paragraph charging that the decedent made a will February 1, 1927.

While the bill could have well charged undue influence as a conclusion, yet it attempts to set up the facts or details constituting same, and, from aught appearing, the grantor's wishes as to the property may not have been changed. In other words, she may have wanted Myrtle Bond to have it and may have devised it to her in the will.

The trial court erred in overruling the demurrer to the bill as amended, and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.