139 So. 242

**BATES v. JONES.**

6 Div. 954.

Supreme Court of Alabama.

Jan. 14, 1932.

G. M. Edmonds, of Birmingham, for appellant.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellee.

GARDNER, J.

The guardian deposited funds of the ward in the Bank of Ensley, which were lost by failure of the bank. At the time of the deposit and continuing to the failure, the bank bore a good reputation, and there is no claim of negligence in that regard. The minor sought, upon settlement of the account, to have the probate court charge the guardian with the funds so lost, but this the court declined to do. Hence this appeal.

The case for the minor rests upon the following facts: The New York Indemnity Company appeared as surety upon the bond of the guardian, and, as a prerequisite to said company becoming such surety, it exacted of the guardian a joint control of and over said fund, which, upon demand of the surety company's duly authorized agent, was deposited in the Ensley bank, where the agent carried his personal account; the deposit being to the credit of the guardian, but subject to withdrawal only when the checks issued by him as such had been countersigned by a duly appointed agent of the surety company. While not considered as here of controlling influence, but illustrative only of the wisdom of the rule hereinafter stated, the preponderance of the proof shows that the funds were continued on deposit in the Ensley bank over the repeated protest of the guardian, who insisted upon its return to the First National Bank of Birmingham, where it was originally on deposit.

The principle invoked, resting upon the ground of public policy, and established by well-reasoned authorities, both English and American, is that, if a trustee enters into any arrangement with reference to the trust funds which surrenders or limits his control over them, he is guarantor of the funds, irrespective of his motives, or whether his surrender of control was the cause of the loss. 28 C. J. 1145; 1 Perry on Trusts (7th Ed.) § 443; Fid. & Dep. Co. v. Butler, 130 Ga. 225, 60 S. E. 851, 16 L. R. A. (N. S.) 994; In re Wood, 159 Cal. 466, 114 P. 992, 994, 36 L. R. A. (N. S.) 252; McCollister v. Bishop, 78 Minn. 228, 80 N. W. 1118; Salvay v. Salvay, 4 Russ. Ch. 60, reported on appeal to the House of Lords under the name of White v. Baugh, 3 Clark & F. 44, 9 Bligh N. R. 181; Forsyth v. Woods, 11 Wall. 485, 20 L. Ed. 207.

The effect of the arrangement here disclosed is to give the surety a complete veto power in the matter of any proposed change of a place of deposit no matter what circumstances may arise, which is incompatible with the guardian's duty to act with promptitude on any emergency.

As to the facts of the instant case, the authorities above noted are not all directly in point, though involving like conditions and calling for the application of the stated principle which is therein fully recognized. The case of In re Wood, supra, from the California court, is however, directly in point, and this

principle was there applied after a review of the authorities, with particular reference to the Butler Case, supra, where, in a well-reasoned opinion, the Georgia court reviews all the authorities. After a citation of the authorities, the court in·Re Wood, supra, has epitomized the reasons underlying the principle as follows: "The reasons for the rule stated in those decisions are \* \* \*. that such an arrangement is contrary to public policy, as incompatible with the absolute control which court and guardian should have at all times over the fund in order to preserve it, as placing temptation in the way of officers of surety companies in no way under the jurisdiction of the court to obtain favors from weak banks in return for the bestowal or continuance of deposits, as hindering the guardian from seeking more favorable investments of the funds, and as being, in effect, a pledge of the fund to obtain the bond required by law."

So far as we are informed, the authorities are unanimous in sustaining this principle, and no case to the contrary is brought to our attention.

The exact question here presented is one of first impression in this court, though we think in a kindred question involved in Lee v. Lee, 67 Ala. 406, the underlying principle was given recognition, where, in speaking of the guardian and his duties, the court said: "The safety of the funds, and the interest of his ward, should be the sole guiding principle in the administration of his trust. In these functions he should be free and untrammeled."

Appellee cites Chancellor v. Chancellor, 177 Ala. 44, 58 So. 423, 45 L. R. A. (N. S.) 1, Ann. Cas. 1915C, 47, but that case in no manner involved the questions here considered. The court in that case but reiterated the rule stated in Perry on Trusts, found in section 443 (the same section containing the statement of the principle here invoked), to the effect that a trustee may deposit money temporarily in some responsible bank if he acted in good faith and with discretion and the money was deposited to a trust account, but he will be liable for the money in case of failure of the bank if he deposits it to his own credit, and not to the separate account of the trust estate. That case involved no question of a surrender by the guardian of control over the funds to another.

We are in accord with the authorities in the view that the rule first hereinabove stated is a salutary one, and adopt it·here.

■ If, for business reasons, as suggested by counsel for appellee, some method should be considered desirable whereby a surety may have some control of a trust fund, such method must be provided by the legislative department.

Our conclusion is not in harmony with the trial court's ruling, and the decree will be reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.