140 So. 594

## HALL v. ESTES LUMBER CO.
### 6 Div. 101.

Supreme Court of Alabama.
March 24, 1932.

H. A. Entrekin, of Birmingham, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

**BROWN, J.**

This is an action on a promissory note. The defendant interposed the plea of the general issue and special plea A "that there was no consideration for the note sued on," and, issue being joined on these pleas, the plaintiff offered the note in evidence, and its witness Johnston testified that "the consideration of the note was material furnished Mr. Hall," the defendant, and that the note was unpaid. On cross-examination, however, the witness testified that he had no personal knowledge that material was furnished to Hall; that his statement was predicated on what was shown on the books of the plaintiff.

The defendant offered to show the nature of the transaction culminating in the execution of the note, and that there was no consideration therefor. The court, on plaintiff's objection, rejected all such testimony. Among other pertinent questions put to the defendant as a witness was, "What was the consideration for which that note was given, Mr. Hall?" The plaintiff objected to this question "on the ground that it called for irrelevant, incompetent, immaterial, impertinent and illegal testimony, and that the note speaks for itself." The court sustained the objection, and the defendant excepted.

The statute provides that "Every written contract, the foundation of the suit, purporting to be executed by the party sought to be charged, his partner, agent or attorney in fact, is evidence of the existence of the debt, or that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration; but may be impeached by plea, and, when so impeached, the burden of proof is on the defendant." Code 1923, § 7662. The effect of the statute is only to make the note prima facie evidence of consideration, and put the burden on the defendant who seeks to impeach it for want of consideration. In other words, it establishes a mere rule of evidence. Rains v. Patton, 191 Ala. 349, 67 So. 600; Ex parte First National Bank of Ozark, 212 Ala. 274, 102 So. 371; Ragsdale v. Gresham, 141 Ala. 308, 37 So. 367.

The defendant's plea impeaching the note for want of consideration was good in form and substance, and the court erred in rejecting the evidence in support thereof. Ragsdale v. Gresham, supra.

For these errors, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.