160 So. 349

**BOUTWELL et al. v. DRINKARD et al.**

**4 Div. 788.**

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied March 28, 1935.

Jack L. Giddens and Wilkerson & Brannen, all of Troy, and Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

Brassell & Rowe, of Troy, and C. L. Rowe, of Elba, for appellees.

KNIGHT, Justice.

Bill by Myrtle Drinkard and Johnnie Locklier against Claude Boutwell, as administrator of the estate of Alonza Boutwell, deceased, and others, seeking, among other things, to hold the said Claude Boutwell, and the surety on his bond, as administrator of the estate of said decedent, accountable to the estate of Mittie Boutwell, deceased, as for the conversion of the proceeds of certain insurance policies, in which the said Mittie Boutwell was the named beneficiary, for the removal of the said Claude Boutwell as administrator of the estate of Alonza Boutwell, deceased, and as administrator of the estate of said Mittie Boutwell, deceased; to impress a trust in favor of complainants upon certain funds on deposit in the Citizens' Bank & Trust Company, of Montgomery, Ala., "appearing to the credit of the estate of Alonza Boutwell"; to hold the Hartford Accident & Indemnity Company, surety on the bond of the said Claude Boutwell as administrator of the estate of Alonza Boutwell, deceased, liable to account, "as executor de son tort, or trustee ex maleficio" to the estate of Mittie Boutwell, deceased, for 'the proceeds of the said insurance policies; that it be decreed that the said Claude Boutwell and the said Hartford Accident & Indemnity Company committed a devastavit in depositing the moneys of the estates of Alonza Boutwell and Mittie Boutwell in the banking institution of W. B. Folmar & Sons, and in the Citizens' Bank & Trust Company, of Montgomery, Ala., and that thereby they became, jointly and severally, guarantors of the safety of said funds; that the court ascertain and allow a reasonable fee to the solicitors of complainants for their services in the prosecution of this litigation, and tax the same as a part of the cost in the cause; and for general relief.

It appears from the allegations of the bill, as amended, that the said Alonza Boutwell and Mittie Boutwell were husband and wife; that both were dead at the time the bill was filed; that the said Claude Boutwell was on the 27th day of December, 1928, appointed administrator of the estate of Alonza Boutwell; that on the 25th day of January, 1929,

the respondent Hartford Accident & Indemnity Company became surety on his bond as such administrator.

That on the 28th day of January, 1929, the said Claude Boutwell, on his own application, was appointed administrator of the estate of Mittie Boutwell, deceased, but it is not averred in the bill who is his surety on his bond as administrator of said last-named estate.

On October 28, 1929, the said Claude Boutwell, as administrator of Alonza Boutwell's estate, made a report to the probate court, showing cash in his hands of $21,293.22 to the credit of said estate.

It appears that before the filing of the bill in this cause the administrations of the estates of Alonza Boutwell and Mittie Boutwell were removed from the probate court of Coffee county to the circuit court of said county, and were pending in said court at the time the bill was filed in this cause.

It appears from the bill that the Hartford Accident & Indemnity Company, as a prerequisite to becoming surety on the bond of Claude Boutwell, as administrator of the estate of Alonza Boutwell, exacted of the administrator joint control or management of the assets of said estate.

It appears from paragraph six of the amended bill that at the time of the death of said Alonza Boutwell, three insurance policies were in force on his life, in which his wife, the said Mittie Boutwell, was the beneficiary; that the said Claude Boutwell, as administrator of the estate of said Mittie Boutwell, deceased, collected the insurance money, amounting in the aggregate to $10,-991.11, "but that instead of reporting the same as assets of the estate of Mittie Boutwell, deceased, he reported the said sums of money to the Probate Court of Coffee County, Alabama, as being assets of the estate of Alonza Boutwell, deceased, and the money so derived was taken in custody by the said Claude Boutwell, acting in his capacity as the administrator of the estate of Alonza Boutwell, deceased, and the management of, and control over the same was thereafter exercised jointly by the said administrator and the said Hartford Accident & Indemnity Company, acting through its designated agent, and the same, together with other money properly belonging to the estate of Alonza Boutwell, deceased, was subjected to the terms of the private contract or agreement between the parties."

It is further averred that the said Claude Boutwell and the said Hartford Accident & Indemnity Company by so receiving, and jointly controlling and managing the money as assets of the estate of Alonza Boutwell, deceased, converted the said sum of $10,991.-11 belonging to the estate of Mittie Boutwell, deceased, and in so doing became liable to account to some of the heirs or distributees of said estate; the said Claude Boutwell individually, and as administrator of said estate, and the said Hartford Accident & Indemnity Company as executor de son tort.

It is further charged that the said Claude Boutwell, acting in his capacity as the administrator of the estate of Alonza Boutwell, deceased, and the said Hartford Accident & Indemnity Company, while in joint control of, and jointly managing, the assets of the estate of Alonza Boutwell, deceased, placed the "whole of said sums of money on deposit with W. B. Folmar and Sons, Bankers, Troy, Alabama," under an agreement whereby the same could be withdrawn therefrom only by check of Claude Boutwell, as administrator of the estate of Alonza Boutwell, deceased, countersigned by the designated agent of the Hartford Accident & Indemnity Company; that thereafter the said W. B. Folmar & Sons became the Citizens' Bank & Trust Company of Montgomery, Alabama, and that said money was allowed to continue on deposit with said bank under its new name, under the terms of said agreement as to withdrawals, and while so on deposit, the Citizens' Bank & Trust Company of Montgomery suspended, and has not since reopened, and that complainants have been "deprived of the use and benefit of the money appearing therein to the credit of the estate of Alonza Boutwell, deceased, or their interest therein, the same has been lost to them."

In an amendment to the amended bill, added by way of an alternative averment, it is charged that, while the said Claude Boutwell and the said Hartford Accident & Indemnity Company were so managing and controlling the assets of the estate of Alonza Boutwell, deceased, the said Claude Boutwell procured the appointment of himself as the administrator of the estate of Mittie Boutwell, deceased; that thereupon, the said Claude Boutwell, acting as administrator of the estate of Alonza Boutwell, deceased, and as administrator of the estate of Mittie Boutwell, deceased, applied to and received from certain named insurance companies the aggregate sum of $10,991.11, the said sum representing the proceeds of insurance policies issued by the named companies upon the life of said Alonza Boutwell, in each of which policies the said Mittie Boutwell was named

as the beneficiary; that the "checks representing the proceeds of said insurance policies were made payable to the said Claude Boutwell, as administrator of Alonza Boutwell, and as administrator of the estate of Mittie Boutwell, under an arrangement made and had by and between the said Claude Boutwell, as administrator of said estates, and the several insurance companies."

It is then charged that it was the duty of said Claude Boutwell to report and return one-half of said money into the estate of said Mittie Boutwell, deceased, "for the reason that said sums aggregating $10,991.11 were collected by him jointly for the estate of Mittie Boutwell and for the estate of Alonza Boutwell, one-half to each of said estates." It is then averred that, "notwithstanding his said duty, as aforesaid, he appropriated all of said sum of $10,991.11 to the estate of said Alonza Boutwell, and that he, the said Claude Boutwell, as such administrator, and the said Hartford Accident & Indemnity Company, as his surety, exercised joint control over the said funds, and deposited the same in the said bank, and lost the same as hereinbefore and as hereinafter alleged."

It nowhere appears in the bill when the said Alonza Boutwell, or the said Mittie Boutwell died, whether the husband survived the wife, or the wife survived the husband.

We think the foregoing statement of the facts appearing in the bill will suffice for the purposes of the appeal.

It is apparent at the threshold that the first question to be determined in this case is, Do the averments of the bill as first amended show that the moneys collected upon the several policies of insurance upon the life of Alonza Boutwell were assets of the estate of Mittie Boutwell, or of her deceased husband? If the money collected under the policies belonged to the estate of the husband, Alonza Boutwell, deceased, then confessedly the complainants have no standing in court, and their bill is without equity.

A further question also arises as to whether the complainants sufficiently show, by the averments of their bill, other than by way of conclusion, that they are the heirs at law of the said Mittie Boutwell, deceased, and, as such, entitled to maintain this suit.

The averments of the bill with reference to the designation of Mrs. Boutwell as the beneficiary in said policies, are meager. The bill is wholly silent as to whether there was in the policies any right reserved to the insured to make a change of beneficiaries. It may be that the policies do, in fact, make pro-

vision whereby the insured has the right to change beneficiaries, but, as the bill is framed, no such right appears, and we must therefore pass upon the case as presented by the bill. If, in fact, the policies provided that the insured may change the beneficiaries, that matter must be presented by proper pleading.

In 14 Ruling Case Law, § 545, p. 1376, the author states the rule as to the rights of a beneficiary under a policy of insurance, which does not authorize a change of beneficiary, as follows: "In practically every jurisdiction it is the rule that in an ordinary life insurance policy made payable to a beneficiary, and which does not authorize a change of beneficiary, the named beneficiary has an absolute, vested interest in the policy from the date of its issuance, delivery and acceptance, and this is true of a policy payable to the children of the insured equally, without naming them, or their executors, administrators or assigns."

In the case of Drake v. Stone et al., 58 Ala. 133, it was said: "We hold that under an ordinary life policy, an interest vests in the person for whose benefit it is taken out when the policy is delivered, subject to be devested or forfeited upon non-payment of the premium, as the policy may prescribe; and that on the death of the beneficiary, either before or after the death of the assured, the fund arising therefrom goes by bequest or by succession, as other personal assets of the beneficiary."

The principle announced in the case of Drake v. Stone et al., supra, was reaffirmed in the case of Woodworth et al. v. Ætna Life Ins. Co. et al., 154 Ala. 392, 45 So. 417, and must now be deemed the settled law in this jurisdiction.

There is nothing in the case of McDonald et al. v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761, cited by appellants, which conflicts with the holding of either the Drake Case, or the Woodworth Case, supra. In the McDonald Case, the contract of insurance provided for a change of beneficiary at the will of the insured. The interest of the beneficiary under such a policy is "a mere expectancy," so long as the insured is in life.

We are not authorized, under the averments of the bill, to assume that the policies contained a provision authorizing the insured to change the beneficiary in the several policies.

The demurrer takes the point that the bill does not sufficiently show that the complainants are the heirs at law and next of

kin of Mittie Boutwell, deceased, and, therefore, show no right to maintain this bill. We are of the opinion, and so hold, that the bill sufficiently shows that the complainants are the sisters and sole heirs at law and next of kin of Mittie Boutwell, deceased, and, as such, are the distributees of the estate of said decedent. The averment of the bill that they are the sisters and sole heirs at law or next of kin of Mittie Boutwell is not the statement of a mere conclusion of the pleader, as argued by counsel for appellants.

The cases of Ezzell v. Richardson et al., 221 Ala. 346, 128 So. 783, and of Bond v. McFarland, 217 Ala. 651, 117 So. 63, relied upon by appellants, are not in point. The demurrer taking the point was properly overruled.

In the bill as last amended, it is averred, in the alternative, that the insurance money was paid to Claude Boutwell by checks payable to him as administrator of the estate of Alonza Boutwell, deceased, and as administrator of the estate of Mittie Boutwell, deceased, under an arrangement made and had by and between the said Claude Boutwell, as administrators of said estates, and the several insurance companies.

■ In this aspect of the bill, complainants undertake to invoke the rule that where an instrument is payable to two or more persons, without designating the interest of each of the payees, prima facie they take equal interest in the note, but this does not preclude proof that their interests were, in fact, unequal, nor does it preclude proof of the true transaction. Tisdale, Ex'r, v. Maxwell, 58 Ala. 40; 8 Corpus Juris, § 302, p. 177; Armstrong v. Johnson, 93 Mo. App. 492, 67 S. W. 733.

While it is averred that the money was paid by the insurance companies to Claude Boutwell as the administrator of both estates, the bill in this aspect proceeds further, and avers that the payments were so made "under an arrangement made and had by and between the said Claude Boutwell, as administrators of said estates, and the said several insurance companies."

■ It is a fundamental proposition of law that pleadings must be construed most strongly against the pleader. For aught averred to the contrary, the "arrangement" had between the said Claude Boutwell as the administrator of the two estates and the insurance companies making the payment may have shown that the money did not belong equally to the two estates. The demurrer points out this defect in the bill, and it would no doubt have been sustained, had it been addressed to this particular phase of the same. But, being addressed to the bill as a whole, it was overruled without error. Oden. v. King, 216 Ala. 597, 114 So. 1; Hall v. Estes Lumber Co., 224 Ala. 392, 140 So. 594.

■ It is also apparent that the complainants are without such interest in the estate of Alonza Boutwell, deceased, as would justify the court, on their petition or bill, to remove the respondent, Claude Boutwell, from the office of administrator of the estate of said Alonza Boutwell, deceased. In this respect the bill is without equity, and the demurrer to this phase of it should have been sustained, and the court, therefore, erred in overruling the same.

Inasmuch as the bill seeks to impress a trust upon funds in which the heirs at law and distributees of the estate of Alonza Boutwell, deceased, have an interest, they are necessary parties. However, if the funds have been lost by the failure of the Citizens' Bank & Trust Company, and there are, in fact, no such funds upon which to impress a trust, we fail to see just why this feature of the bill should be insisted upon, or just why the complainants should have burdened this litigation with such an insistence.

The appellees' main insistence here is that the estate of Mittie Boutwell was entitled to one-half of the insurance money, and that the said Claude Boutwell was guilty of a conversion of said funds, when he deposited the same to his credit, as administrator of the estate of Alonza Boutwell, deceased, and in committing this wrongful act he, personally, and as administrator of the estate of Alonza Boutwell, became absolutely liable therefor as a trustee in invitum. And that the Hartford Accident & Indemnity Company, surety on his bond as administrator of the estate of Alonza Boutwell, deceased, by reason of the agreement for joint control by the surety of the assets of the said estate also became liable to account to the estate of said Mittie Boutwell, deceased, as a trustee in invitum.

From appellees' brief it is evident that the complainants' effort to fasten liability upon the Hartford Accident & Indemnity Company, surety on the bond of Claude Boutwell, as administrator of the estate of Alonza Boutwell, deceased, is rested largely, if not in fact wholly, upon the agreement had by and between the said Claude Boutwell and his said surety, by which the surety was given joint control and management of the assets of the estate of said Alonza Boutwell, deceased, and which agreement for joint control was entered into at the time the surety executed the bond.

This court has had occasion to pass upon such agreements, and to declare the effect of the same, when loss has been suffered by the estate of which the one was administrator and the other the surety on his bond.

In the case of Builders' Supply Co. v. Smith et al., 222 Ala. 554, 133 So. 721, 723, it was said: "Another well-settled principle applicable is, if one in violation of his duty to another has obtained a fund to his own use, equity will impress the fund with a constructive trust, and hold the one so obtaining the fund to account as a trustee in invitum. 26 R. C. L. 1235, § 82; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Kent v. Dean, 128 Ala. 600, 30 So. 543; Smith v. Smith et al., 153 Ala. 504, 45 So. 168."

In Bates v. Jones, 224 Ala. 82, 139 So. 242, it was observed: "The principle invoked, resting upon the ground of public policy, and established by well-reasoned authorities, both English and American, is that, if a trustee enters into any arrangement with reference to the trust funds which surrenders or limits his control over them, he is guarantor of the funds, irrespective of his motives, or whether his surrender of control was the cause of the loss. 28 C. J. 1145; 1 Perry on Trusts (7th Ed.) § 443; Fid. & Dep. Co. v. Butler, 130 Ga. 225, 60 S. E. 851, 16 L. R. A. (N. S.) 994; In re Wood, 159 Cal. 466, 114 P. 992, 994, 36 L. R. A. (N. S.) 252; McCollister v. Bishop, 78 Minn. 228, 80 N. W. 1118; Salvay v. Salvay, 4 Russ. Ch. 60, reported on appeal to the House of Lords under the name of White v. Baugh, 3 Clark & F. 44, 9 Bligh N. R. 181; Forsyth v. Woods, 11 Wall. 485, 20 L. Ed. 207." And, of course, the surety would be liable to the estate for such wrongful act of the administrator, for such bonds are given to secure the creditors and next of kin of the deceased from loss through the default of the personal representative; and, a fortiori, the surety would be liable for the wrongful act of its principal, when that act was done in pursuance of an agreement between the principal and surety. Ordinarily, however, the rule seems to be well established, that so long as the surety keeps aloof from the conduct of the trust whose faithful administration he has guaranteed, and seeks no profit from it to himself, he may stand on the letter of his bond, and escape liability except according to the tenor of the bond. 11 R. C. L., § 352, p. 304.

If the insurance money, or one-half of it, was, as averred in the bill as amended, the property of the estate of Mittie Boutwell, and the said Claude Boutwell, as administrator of her estate, commingled it with other funds, and deposited it in the banking house of W. B. Folmar & Son, to his credit as administrator of the estate of Alonza Boutwell, deceased, and allowed it later to be taken over by the Citizens' Bank & Trust Company of Montgomery, he was guilty of a conversion of said funds, and by the subsequent failure of said last named bank, with the resultant loss of said funds, he and the surety on his bond, as administrator of the estate of Mrs. Boutwell, would be liable to account to said estate for such loss, as for a devastavit. And if the Hartford Accident & Indemnity Company with knowledge of the fact or notice that said money rightfully belonged to the estate of Mrs. Boutwell, and that it had been commingled with moneys or assets of the estate of Alonza Boutwell, participated in the wrongful act of its principal in so depositing said moneys of the estate of Mittie Boutwell, it would also be liable for the tort and wrong, not upon the theory that it was the surety upon the bond of the said Claude Boutwell, as administrator of the estate of said Alonza Boutwell, but because of its actual participation in the wrong. Under such conditions, the Hartford Accident & Indemnity Company would be liable because of such participation; it became a joint tort-feasor.

It will be noted that the joint control arrangement had by and between Claude Boutwell and the said Hartford Accident & Indemnity Company, surety on his bond as administrator of the estate of Alonza Boutwell, as executed, concerned only the assets of that estate.

In Weeks v. Love, 19 Ala. 25, 27, it was said: "It is too well settled to require the citation of authority, that an administrator cannot by any act of his create a right of action against the estate he represents, however he may subject himself to personal liability."

In Blair v. Rice, 216 Ala. 586, 114 So. 194, it was observed: "Conversion of the property of another by an administrator under claim that it is the property of the estate is the tort of the administrator personally and individually. He can in no wise bind the estate of the decedent by such act. He is without power so to do. The action must be against him individually and not against him as administrator, as suit against the estate, and running against the assets of the estate. Burdine v. Roper, 7 Ala. 466; Weeks v. Love, 19 Ala. 25; Godbold v. Roberts, 20 Ala. 354; Daily v. Daily, 66 Ala. 266; Lowery v. Daniel, 98 Ala. 451, 13 So. 527; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Campbell v. American Bond. Co., 172 Ala. 458, 55 So. 306;

218·

Bartlett v. Jenkins. 213 Ala. 510, 105 So. 654; Sims v. Hipp [216 Ala. p. 439], 113 So. 296."

■■■ The demurrer of Claude Boutwell, individually, was properly overruled.

It is apparent, however, that if the complainants have any cause of action, equitable or otherwise, against the Hartford Accident & Indemnity Company, it must have accrued from an actual participation in the conversion of the assets of Mrs. Boutwell's estate, thus becoming a joint tort-feasor; or it must have accrued from the ratification and adoption by it, with knowledge, or notice of all the facts, of the tortious act of said Claude Boutwell, in the conversion of the assets of Mrs. Boutwell's estate, as an incident to its suretyship of Claude Boutwell as administrator of the estate of Alonza Boutwell, deceased.

■■■ Construing the averments of the bill most strongly against the pleader, as we must do, the bill as last amended falls far short of averring any actual participation by the Hartford Accident & Indemnity Company in the conversion of the assets of Mrs. Boutwell's estate, or a ratification and adoption by the company, with knowledge of all the facts, of the tortious act of said Claude Boutwell in the conversion of said assets. In this respect the bill, in so far as it seeks relief against the Hartford Accident & Indemnity Company, was defective, but there is no demurrer pointing out this defect, and it is not raised by the general demurrer. Code, § 6553; Whiteman v. Taber, 203 Ala. 496, 83 So. 595.

■■■ With reference to that feature of the bill which seeks to establish a constructive trust upon the assets of the estate of Alonza Boutwell, deceased, it remains to be said that, if it be granted that Claude Boutwell did, in fact, collect moneys rightfully belonging to the estate of Mittie Boutwell, deceased, and commingled the same with moneys of the estate of Alonza Boutwell, deceased, and the moneys were lost in the failure of the Citizens' Bank & Trust Company of Montgomery, where he, as administrator of the estate of Alonza Boutwell, deceased, had deposited the same, the complainants cannot impress any sort of trust upon the remaining assets of the estate of said Alonza Boutwell therefor. For such a conversion and devastavit, the said Claude Boutwell, personally and as administrator of the estate of Mittie Boutwell, deceased, would be liable. Campbell v. American Bonding Co., supra; Blair v. Rice, supra.

The demurrer of all respondents, except that of Claude Boutwell, personally and individually, and as administrator of the estate of Mittie Boutwell, deceased, to this feature of the bill should have been sustained, and the court erred in overruling the same.

It follows that the decree of the circuit court will be here affirmed in part, and in part reversed and remanded.

Affirmed in part, and reversed and remanded in part.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.