164 So. 210

**Ex parte MOORE et al.**
**8 Div. 682.**

Supreme Court of Alabama.
Nov. 14, 1935.

Cooper & Cooper, of Huntsville, for respondent.

Taylor, Richardson & Sparkman, of Huntsville, for petitioners.

BOULDIN, Justice.

Original petition for mandamus.

The essential facts disclosed by the petition are these:

Petitioners, Ida Moore and Camilla Roland, are the distributees of the estate of Nelson Sowell, deceased.

Francis Esslinger qualified as administrator of the estate, with Maryland Casualty Company as surety on his bond.

The estate consisted of money received from the United States, in two items, aggregating $4,860.34. These funds as received, February 15 and February 17, 1933, were deposited in the Tennessee Valley Bank to the account of the administrator under "joint control" arrangement between the administrator and his surety. The bank was closed under temporary order of the President, March, 1933; was not reopened, and later was put in liquidation through the state superintendent of banks, and so continued to the date of the proceedings now in question.

The administration being removed to the circuit court in equity, it came on for final settlement, July 6, 1935. The decree of that date was modified by a decree of July 17, 1935. This decree recites:

"This cause coming on for hearing was submitted for final decree on the pleadings and proof as noted by the Register, and having been duly considered by the Court, the Court is of opinion, and it is ordered, adjudged and decreed by the Court, that Francis Esslinger as Administrator of the estate of Nelson Sowell has received the sum of Four Thousand Eight Hundred and Sixty and 34/100 dollars for which he is accountable: that he is entitled to credit out of said sum (here follows the several credits decreed) ; and that Ida Moore and Camilla Roland separately and severally, have and recover of said Francis Esslinger, individually and as Administrator of the estate of said Nelson Sowell, deceased, and of said Maryland Casualty Company, the surety on his bond, one-half of the remainder of said sum of $4,860.34, after deducting therefrom the sums abovementioned, *but that no execution issue on this judgment or decree until it shall be ascertained what loss (if any) results by reason of the deposit of said sum in the Tennessee Valley Bank, subject to joint control, or until further orders of this court; and that the parties in favor of whom this decree is rendered have such process by garnishment or otherwise as may enable them to collect from the Tennessee Valley Bank or its Liquidating Agent the amount remaining due on said deposits.* (Italics supplied.)

"All other matters reserved."

Petitioners pray for mandamus to the trial judge commanding him to strike out the italicized portion of said decree and insert in lieu thereof "for which let execution issue."

The theory of petitioners is that here was a final decree, stating the account on final settlement of the estate, followed by decrees in favor of the distributees for the amounts due them respectively, final decrees for the payment of money; that this was followed by an order staying execution, depriving them of the fruits of the decrees; that such latter order was a denial of a right to enforce the decrees rendered, and should be stricken; that the trial court having declined, on motion, to do so, mandamus should issue to that end, and to have inserted the usual order for execution to which petitioners were entitled as matter of law.

■ The right to execution for the collection of moneyed judgments, when time for execution arrives, and no lawful supersedeas has intervened, is of equal moment in the administration of justice, as is the rendition of the judgment or decree.

■ Usually the issuance of execution is a ministerial duty of the clerk or register. If he decline, the court, on motion, issues an order to him. If the trial judge refuse to issue a proper order, a mandamus may, on application, issue to him from this court. Ex parte Sibert, 67 Ala. 349; Norwood v. Clem, 143 Ala. 556, 39 So. 214, 5 Ann. Cas. 625.

Our present statute requires the clerk or register to issue executions "unless otherwise directed by the court or the judge presiding at the trial of the cause." Code, § 7795. When or for what cause the court may otherwise direct does not, in our opinion, arise in the instant proceeding.

The matter sought to be stricken from the decree is to be considered in connection with the decree as a whole. It appears the court held the administrator personally liable, likewise the surety on his bond, because of a joint control arrangement wherein the administrator stripped himself of full control over the funds so deposited, and they became "guarantors" of the safety of the funds, under the rule declared in Bates v. Jones, 224 Ala. 82, 139 So. 242, followed in Boutwell et al. v. Drinkard et al., 230 Ala. 212, 160 So. 349.

■ It further appears the court deemed it inequitable to require such guarantors to presently pay the demand from their own

funds, and so held open the case until the loss by reason of such deposit was ascertained, or until further order of the court, as equity should demand. This feature of the decree goes to the character and extent of relief granted at the time. It is not to be treated as a separate, distinct order denying execution on a final decree for the present payment of money. The petition here proceeds on the premise that this was a final decree. If so, petitioners had a remedy by appeal. Under well-known rules, mandamus will not be awarded to correct a decree reviewable by appeal. If, on the other hand, it be held an interlocutory decree, but ill-advised, improvident, or inequitable, and so reviewable by mandamus in the absence of other remedy, it appears the entire record upon which the trial court deemed such decree equitable is not before us. It appears, therefore, a case proper to be presented by appeal, with alternate petition for mandamus, if held not appealable. In either event, this court should have before it the full record acted upon by the trial court.

Mandamus denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.