167 So. 328

MOORE et al. v. ESSLINGER et al.

MARYLAND CASUALTY CO. et al. v.
MOORE et al.
8 Div. 706, 715.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

See, also, 231 Ala. 209, 164 So. 210.

Taylor, Richardson & Sparkman, of Huntsville, for appellants.

W. F. Esslinger and Francis Esslinger, both of Huntsville, for appellee Esslinger.

Cooper & Cooper, of Huntsville, for appellee Maryland Casualty Co.

THOMAS, Justice.

The appeals by parties in interest and cross-assignments of error seek a review

of a decree of distribution of funds of the estate of decedent on final settlement.

Francis Esslinger was appointed administrator of Nelson Sowell's estate on December 24, 1932, with appellee, Maryland Casualty Company, as surety on his bond as such personal representative.

On March 9, 1935, the administration was removed from the probate court of Madison county to the circuit court, in equity, and the administrator ordered to file his accounts and vouchers for a final settlement. On the same date a decree was rendered declaring that Ida Moore and Camilla Roland were heirs at law of the said Nelson Sowell, deceased.

When the administrator filed his accounts and vouchers for final settlement, March 14, 1935, the appellants took exceptions thereto, and notice issued to Maryland Casualty Company as surety.

The accounts for final settlement were amended, and on the same day Maryland Casualty Company filed an answer to the exceptions and objections of Ida Moore and Camilla Roland.

The hearing on July 6, 1935, was on testimony taken orally in open court; and the final decree was rendered on issues raised by the pleading. That decree, on motion, was amended and corrected on July 17, 1935. The testimony in support of the motion on which the amendment was made was likewise heard in open court and upon the affidavit of W. L. Howard.

The decree of July 6, 1935, and the amended decree of July 27, 1935, were both, among other things, in favor of appellants for their distributive shares of the estate of Nelson Sowell.

That part of the decree of July 6, 1935, in favor of the appellants reads as follows: "* * * and that Ida Moore and Camilla Roland have and recover of said Francis Esslinger, individually and as administrator of the estate of Nelson Sowell, deceased, and of said Maryland Casualty Company, the remainder of said sum of $4860.34 after deducting said sums above mentioned; and that this cause be retained on the docket of this court for further orders, and that no execution issue on this judgment or decree against said Esslinger or the surety on his bond until further orders; and that the parties in favor of whom this decree is rendered have such process by garnishment or otherwise as may enable them to collect from the Tennessee Valley Bank or its Liquidating Agent the amount remaining due on said deposits."

And that part of the decree of July 17, 1935, favorable to appellants was: "* * * that Ida Moore and Camilla Roland, separately and severally, have and recover of said Francis Esslinger, individually and as Administrator of the estate of said Nelson Sowell, deceased, and of said Maryland Casualty Company, the surety on his bond, one-half of the remainder of said sum of $4860.34, after deducting therefrom the sums above mentioned, (but that no execution issue on this judgment or decree until it shall be ascertained what loss [if any] results by reason of the deposit of said sum in the Tennessee Valley Bank, subject to joint control, or until further orders of this Court; and that the parties in favor of whom this decree is rendered have such process by garnishment or otherwise as may enable them to collect from the Tennessee Valley Bank or its Liquidating Agent the amount remaining due on said deposits)."

The only assets of the estate were the moneys collected by the administrator as proceeds of a war risk insurance policy, and deposited in the Tennessee Valley Bank on February 15, 1933, to the credit of "Francis Esslinger, Admr. Est. of Nelson Sowell. * * * Checks to be countersigned by R. L. Adair." The court found from the evidence and held· that the deposit was subject to "joint control" of the administrator and the surety on his bond as such personal representative.

The courts take judicial knowledge of the moratorium. King v. Porter, 230 Ala. 112, 160 So. 101.

The bank of deposit closed its doors on March 5, 1933, at a time when substantially all of the money in question was on deposit; never reopened, and was later placed in the hands of the superintendent of banks for liquidation.

The affidavit of W. L. Howard gives the proper mode of liquidation, as an officer of that bank.

The appellants assign as error, the action of the court in suspending or limiting their immediate "right to execution or other process for the enforcement of the decree" for the respective amounts found due appellants as distributees. This right and alleged error, appellants present by appeal, and in the alternative, by petition

for mandamus, which may be held or declared to be the proper remedy.

The petition for mandamus was filed and submitted with the record on appeal. We will consider the questions thus presented.

Appellees and cross-appellants, Francis Esslinger, individually and as administrator of said estate, and Maryland Casualty Company, as surety on the administrator's bond, appeal and assign errors in the respects to be indicated below.

■ As we have indicated, the hearing was before the trial court and rested partially and in material respects on oral testimony. The rule of presumption in favor of findings of fact by the trial court prevails. Andrews et al. v. Grey, 199 Ala. 152, 74 So. 62. We have examined the record and find no error of the trial court in the decree of July 6, 1935, nor in the modified ·decree of July 17, 1935, decreeing distribution respectively to Ida Moore and Camilla Roland in the several amounts indicated—that they have and recover the several amounts from Francis Esslinger, individually and as administrator of the estate of Nelson Sowell, deceased, and of Maryland Casualty Company, the surety on Esslinger's bond as such personal representative.

■■ The evidence was sufficient to justify the finding that Francis Esslinger surrendered or limited control of the funds in his hands, as administrator, and subjected them to the "joint control" of himself as administrator and the Maryland Casualty Company, surety on the administrator's bond. These parties and the trust moneys were subject to the recognized rule of Chancellor v. Chancellor, 177 Ala. 44, 58 So. 423, 45 L.R.A.(N.S.) 1, Ann.Cas.1915C, 47; Bates v. Jones, 224 Ala. 82, 139 So. 242; Boutwell et al. v. Drinkard et al., 230 Ala. 212, 160 So. 349; Ex parte Moore et al., 231 Ala. 209, 164 So. 210; Perry on Trusts (7th Ed.) § 442.

We are not impressed with the insistence and cross-assignment of errors of Francis Esslinger, that he was released from liability as an individual and as administrator, for the deposit and loss thereof in the bank in question. The application of Esslinger for the surety indicates that it was secured and his administration effective by reason of such arrangement for joint control; that he acted thereon by presenting and having indorsed by agent of the surety, several checks on the fund, and the surety only sought repudiation by letter of the arrangement after suspension of the bank.

The decree against Esslinger individually (Evans et al. v. Evans et al., 200 Ala. 329, 76 So. 95) and as administrator is affirmed in all respects, except that it is corrected as to the stay of execution, under the showing made on the motion and the affidavit of W. L. Howard. This action of the trial court, under the evidence, was beyond the provisions of the statute (section 7795, Code) and the general powers of a court of equity.

It likewise follows that Esslinger, as administrator, and Maryland Casualty Company, as surety, are equally bound and liable for the lack of a due and proper administration of the estate. This required a prompt and due distribution of the moneys· of the estate (King v. Porter, 230 Ala. 112, 160 So. 101) under the law of such a case. The liability arose from the agreement of joint control of such trust funds, and the breach accrued by the failure to distribute those funds according to the statutes of descent and distribution and the decree declaring the heirship of appellants. Matthews et al. v. Mauldin et al., 142 Ala. 434, 38 So. 849, 4 Ann.Cas. 344.

The trial court was not in error in the conclusion of fact as to joint control, and the liability for the acts of administration had thereunder that resulted in loss of those trust funds.

■ The cross-appeal and cross-assignment of errors of Maryland Casualty Company are without merit, and the decree as corrected is affirmed. If there are further dividends from the administration of the affairs of the Tennessee Valley Bank, on payment of the decree by the surety, it would be entitled thereto by subrogation.

In respect to the provision in the decree for stay of execution, we may say, that each case must stand on its own facts—the sufficient cause that is shown. The right of a court of equity and the power conferred by statute (section 7795, Code) should not unduly prejudice a judgment creditor or distributee against his right or interest in the premises.· The right to execution in the collection of a money judgment, when the time of the issue thereof accrues and there is no lawful supersedeas, is of equal moment in administration, as is the rendition of the judgment or decree. Ex parte Moore et al., 231 Ala. 209, 164 So. 210.

The decree is final in the sense that the right to distribution and the amount thereof are determined within the pleadings and evidence. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Ex parte Moore et al., supra. All the parties at interest have appealed and assigned errors. The appellants not only appeal, but accompany the same with petition for mandamus to compel the issue of execution. And in a proper case, if the judge refuses to issue a proper order for execution, a mandamus will lie to compel action. Ex parte Moore et al., supra; Ex parte Sibert, 67 Ala. 349; Norwood v. Clem, 143 Ala. 556, 39 So. 214, 5 Ann.Cas. 625. The decree was held open to consider the progress of administration of the estate of the suspended bank. Pertinent facts as to its affairs are presented on motion aided by the affidavit of Howard, the agent in charge. The failure of the trial court to give aid in behalf of appellants-petitioners was error. The decree is corrected by the elimination of the provision for a stay of execution, and, as corrected, is affirmed. The appeal and petition for mandamus being submitted together, the mandamus will issue to the judge of the circuit court, if necessary, to compel the issue of execution as prayed.

We have indicated that the appeal of Esslinger, individually and as administrator of the estate of Nelson Sowell, deceased, and Maryland Casualty Company, as surety, is without merit, and the several decrees as corrected are affirmed.

Writ of mandamus granted conditionally; corrected and affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.