19 So.2d 609

**BAILEY REALTY & LOAN CO. v.
BUNTING.**

4 Div. 341.

Supreme Court of Alabama.

Nov. 9, 1944.

W. L. Lee and Alto V. Lee, III, both of
Dothan, for petitioner.

O. S. Lewis, of Dothan, opposed.

STAKELY, Justice.

The statutes of this state recognize the
right of the judgment debtor to a stay of
execution for a period of time from the

date of the rendition of the judgment. On judgments recovered in the circuit court, the stay is for a period of ten days. § 508, Title 7, Code of 1940; § 119, Title 13, Code of 1940. On judgments recovered before a justice of the peace, the stay is for a period of five days. § 456, Title 13, Code of 1940. A consideration of the reasons for providing for this stay of execution will aid in reaching a proper conclusion in this case.

The statutory period is allowed the judgment debtor so that he may have an opportunity to consider his future course, to determine whether to continue the litigation by appeal or otherwise, or to satisfy the judgment and thereby prevent the accrual of further costs and expense. In the event he determines to pay off the judgment, the period also gives an opportunity of arranging for funds necessary to satisfy the judgment. That these are the reasons on which the policy of the foregoing statutes was founded, is well supported by the authorities. First Nat. Bank of Birmingham v. Garrison, 235 Ala. 687, 692, 180 So. 690, 694; Scribner v. Whitcher, 6 N.H. 63, 23 Am.Dec. 708; Washington Nat. Bank v. Williams, 188 Mass. 103, 74 N.E. 470; 23 C.J. p. 374; 38 C.J.S., Executions, § 66. See also Ex parte Moore, 231 Ala. 209, 164 So. 210.

It may be added at this point that while the foregoing period of waiting is for the benefit of the judgment debtor, the law does not intend thereby to jeopardize the rights of the judgment creditor. If the judgment debtor is about to fraudulently dispose of his property, the statutory period can be eliminated upon appropriate affidavit. § 458, Title 13, Code of 1940.

Since it is obviously the policy of the statutes to protect a judgment debtor for a limited period of time after the rendition of judgment from the costs and vexation of an execution, it does not seem reasonable that the Legislature would intend to nullify the purpose of the statute by contrary provisions. Yet if a garnishment can be issued within the statutory period, the foregoing benefits to the judgment debtor will be lost. It does not seem reasonable to provide that for a limited period of time, these benefits may be enjoyed where an execution is concerned and yet denied where a garnishment is involved.

Besides, it cannot be denied that a garnishment cannot rightfully issue on a judgment which contains a stay of execution, until the stay has been lifted, where the court has the power to order the stay. 33 C.J. p. 1212; 23 C.J. pp. 521, 522; 33 C.J.S., Executions, § 139; Ann.Cas. 1918C, p. 245. Here the stay is written into the judgment by operation of law. § 456, Title 13, Code of 1940.

"In order to authorize garnishment thereon a judgment must be final, valid, unsatisfied, and definite as to the amount of recovery. It must be a subsisting domestic judgment, the execution of which has not been suspended by appeal or otherwise." 38 C.J.S., Garnishment, § 12, pp. 217, 218.

We approve the conclusion and reasoning of the Court of Appeals.

Procedural questions relating to common law certiorari are not presented to this court.

The judgment of the lower court is affirmed.

Affirmed.

All the Justices concur.