Watts v. Steele, trustee.

---

## WATTS vs. STEELE, Trustee.

1. A father, who by reason of his poverty and bodily infirmity has become unable to support his infant daughter, has a right to resort to the court of equity which has appointed a trustee of her estate, to have an allowance for her support and education decreed to be paid by such trustee out of the annual income of her estate.

2. The infant is not an indispensable party to a bill filed by her father against the trustee of her estate, to have an allowance for her support and education decreed to be paid by the trustee out of her annual income.

ERROR to the Chancery Court of the Second District, holden at Monroeville. Tried before the Hon. J. W. Lesesne.

WATTS, JUDGE & JACKSON, for plaintiff in error:

1. Where a father has not the means or ability to maintain and educate his child, and when such child has a large separate estate, yielding a handsome income, a portion of that income should be allowed to the father to pay the expenses of educating the child.—2 Story's Eq. Juris. § 1354, 1354 (a); 3 Dan. Ch. Pr. 2088-9-90 and note 3; McPherson on Infants, Law Lib. vol. 16, p. 146-50; Wilkes & Wife v. Rogers et al., 6 John. 566; 5 Vesey, jr., 194; Stewart, guardian, v. Lewis, 16 Ala. 734.

2. The infant need not necessarily be made a party in this proceeding for an allowance, the father having the custody of the person of the child, was the proper party to file the bill.— 6 Paige Ch. R. 136; McPherson on Infants, (16 Law Library) marg. p. 218.

No counsel for defendant.

CHILTON, J.—The question in this case is, whether a father who by reason of his poverty and bodily infirmity has become unable to support his infant daughter, has a right to resort to the court of equity which has appointed a trustee for the estate of the daughter, to have an allowance for her support and education decreed to be paid by such trustee out of the yearly income of her estate. The bill is filed by the father, with whom the daughter lives, (the mother being dead,) against the trustee. The chancellor dismissed the bill.

We are unable to see any reason why the court should repudiate this jurisdiction over the infant and her estate. There is nothing in the nature of the settlement by which the property was secured to the mother of the daughter, forbidding an allowance for maintenance. The ward has an absolute interest, and the rule is, that where funds are thus situated, the court will allow maintenance in the absence of any direction to that effect, and even in disregard of a direction for accumulation; and if an insufficient sum is given for maintenance, the court will increase it.—McPher. on Inf. 241.

As it is the duty of the father to maintain his child when he

can do so, he is held liable to account as guardian for the profits of the child's estate which come to his possession during the child's minority. Such being his duty, the courts of chancery originally refused to allow any re-imbursement to the father for past maintenance.—Hughes v. Hughes, 1 Bro. C. C. 387; 2 ib. 231; 3 ib. 60; Reeves v. Prymer, 6 Ves. 424; McP. on Inf. 247, where the cases are collated. But it is said that in special cases, the court may direct an inquiry in favor of the father for past maintenance. He cannot insist on it as a matter of course.—*Ex parte* Bond, 2 M. & K. 439.

The case before us is for future maintenance and education of the daughter. There can be no question as to the jurisdiction of the chancellor in setting apart a fund for this purpose out of the income of the daughter's estate, if the father be unable to provide for her. When the father is utterly unable to support his children, the law would be inhuman in the extreme to cast them upon the charity of strangers for support, while their own property is adequate for their maintenance. But such provision does not depend upon the father's insolvency only, but is made whenever he is unable to give the child an education suited to the fortune which she enjoys or expects.—Buckworth v. Buckworth, 1 Cox 80, cited in McPh. on Inf. 220. It is said the father's ability is to be estimated comparatively. The amount of his income, the size of the family dependent on him for support, and we might add, his physical inability from disease, &c., to exert himself in providing for them, should be taken into the estimate; and if, in view of the circumstances, it should appear to be reasonable to make an allowance, and for the benefit of the infant, the court should order it. And to this end, it is proper that the question of the ability of the father, the amount of the ward's income, and the sum required for her support and education, should be referred to the master, if the chancellor is in doubt upon these questions, so that the proper allowance can be made.

We do not think there is any valid objection on the score of parties. The father is a party interested in being provided as the guardian by nature and nurture, with the means of supporting and educating his child, and is certainly the proper person to superintend her education, unless there be objections to him, and none are pretended to exist in the present case. The trustee who holds the property represents the ward in respect to

that. It is not indispensable that the child should be made a party. The court will see to it that her interest is not prejudiced. We find a similar application was heard at the suit of the mother, and a liberal allowance made, in South Carolina, (Mrs. Heyward v. Cuthbert, Ex'r. of Heyward, 4 Des. Eq. R. 445,) and the principle seems to be sanctioned by several authorities in the brief of counsel.

Let the decree be reversed and the cause remanded.