## LAW v. BUSH.

### 6 Div. 537.

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 23, 1940.

M. L. Taliaferro, of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellee.

**KNIGHT, Justice.**

This is an appeal by James Franklin Law, a minor, taken and prosecuted by his guardian ad litem, from a decree of the Probate Court of Jefferson County on the final settlement of the guardianship account of appellee, A. E. Bush, guardian of said minor.

On March 28, 1939, Bush, as guardian of James Franklin Law, minor, filed his account and vouchers in the Probate Court of Jefferson County, the court of his appointment, for final settlement of his guardianship. Thereupon a day was duly appointed to hear and pass upon said account, and a guardian ad litem was appointed to represent the minor on said settlement. Upon the settlement, the court found, and so decreed, that the guardian was properly chargeable with the sum of $1,033.23, as shown by his account of the assets received by him, and that he was entitled to credits for moneys expended in and about the costs and charges necessary and incident to said guardianship, and for the support and maintenance of said minor in the sum of $1,033.23, including court costs charged on the settlement in the amount of $16.50, leaving no balance.

There is in the record an "agreed statement of facts," which we here set out:

"In re: James Franklin Law, a minor, ten years of age.

"James Franklin Law, a minor ten years of age at the time his maternal grandfather, A: D. Bush, qualified as his legal guardian on, to wit, the tenth day of May, 1929, was left the sum of One Thousand Dollars. Immediately thereafter, the said James Franklin Law was duly and legally adopted by the said A. D. Bush. Thereafter, the said A. D. Bush, on to-wit, the fifth day of November, 1929, filed his pe-

tition in the Probate Court of Jefferson County, requesting the court to allow him a sum to be taken from the corpus of said estate to be used for the support and maintenance of said minor. The guardian ad litem was appointed and the said petition heard and the court granted an order on the twenty-seventh day of November, 1929, allowing the guardian to use the sum of Fifteen Dollars per month out of the corpus of the estate for the support and maintenance of said minor beginning as of November 1, 1929.

"The United States Fidelity and Guaranty Company was the surety on the bond of said guardian, A. D. Bush, and maintained a joint control of his affairs of guardianship. The said One Thousand Dollars was deposited in the Southside Bank in Birmingham, Alabama, under a joint control account with said surety company. Said bank failed on, to-wit, January 21, 1931, at which time there was on deposit to the credit of A. D. Bush, as guardian of James Franklin Law, said minor, the sum of Six Hundred, Fifty-five Dollars, Nine Cents. Since the failure of said bank, the liquidating agent has paid two dividends on said account to said guardian, one being in the amount of $45.85, paid on, to-wit, June 3, 1932, and the other being in the amount of $32.75, paid on July 1, 1936.

"Said minor continued to live in the home of the said guardian and adopted father and was supported by the said adopted father until to-wit, the first day of January, 1939. Thereafter, on to-wit, the twenty-eighth day of March, 1939, said guardian filed a final settlement in the Probate Court, claiming credit for the allowance previously granted by order of Probate Court in the amount of $15.00 per month for said support, etc., and Mark Taliaferro was duly and legally appointed guardian ad litem. Said final settlement was approved on the 26th day of April, 1939, allowing said credits of $15.00 per month, and the said guardian ad litem duly and legally excepted to the allowance of the Fifteen and no/100 Dollars per month for support and maintenance from the date of the failure of said bank to any and every part thereof. All papers filed in the Probate Court in this matter, including the final settlement, are to be a part of this record."

■ It is settled in this jurisdiction, as asserted by appellant, that if an executor,

administrator or guardian enters into any arrangement with the surety, with reference to the trust funds which surrenders or limits his control over them, "he is guarantor of the funds, irrespective of his motives, or whether his surrender of control was the cause of the loss." Bates v. Jones, 224 Ala. 82, 139 So. 242; Boutwell et al. v. Drinkard et al., 230 Ala. 212, 160 So. 349; Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768; Moore v. Esslinger, 232 Ala. 251, 167 So. 328. When the guardian deposited the moneys of his ward in the Southside Bank, under an arrangement by which his surety, United States Fidelity and Guaranty Company should have and exercise joint control, he became a guarantor of the funds, and his surety would also be liable, along with its principal, for any loss that might result to the estate from the wrongful act of the principal, in which the surety thus participated. Boutwell et al. v. Drinkard et al., supra.

It is also settled in this jurisdiction, as well as elsewhere, that a father is bound to support his minor children, *if able to do so*, even though they have property of their own. Alston v. Alston, 34 Ala. 15; Pharis v. Leachman, 20 Ala. 662; Bethea v. McColl, 5 Ala. 308; Watts v. Steele, 19 Ala. 656, 54 Am.Dec. 207. [Italics supplied.] And it must also be conceded that the adoption of a child by one into the family, creates the status of parent and child, with the duty of care, maintenance, training and education, along with the right to the custody, control and services of the child. Buttrey v. West, 212 Ala. 321, 102 So. 456.

The foregoing principles of law seem well settled and understood, and while they enter somewhat into the determination of the case, they do not control the decision in the cause, for there are other equally well settled laws, common law and statutory, which must not be overlooked.

While the father is bound to support his minor children, if able to do so, even though they have property of their own, and while one who has adopted a child, and has taken it into his family, is under the same duty as the natural father, yet if the natural, or foster father, is unable to maintain his infant child, who has an independent estate, a court of competent jurisdiction will, upon application by the father, make an allowance to him for the maintenance of such infant. Watts v. Steele, supra; Waldrom v. Waldrom, 76 Ala. 285; Bean v. Harrison, 213 Ala. 33, 104 So. 244. It is said in such cases that "benefit to the infant is the controlling consideration; but the circumstances of the father may be inquired of, * * * to determine whether or not he is able to properly maintain such child."—Baines v. Barnes, 64 Ala. 375.

In the case of Waldrom v. Waldrom, supra, it was said: "When a father, being also guardian, has expended money of the estate of his child, in his support and education, the father's means being inadequate, and the expenditures being necessary, and suitable to the estate of the infant, and such as a court of equity would have decreed, he will be allowed a credit for such expenditures, on a settlement of his accounts as guardian, subject to a set-off to the value of any services which the child has rendered the father." However, the burden of showing that services were rendered by the minor, and their value is upon the minor. Calhoun v. Calhoun, 41 Ala. 369.

There is no evidence in this record to show that the appellant, minor, rendered any services to his foster father and guardian.

In the present case, the guardian and foster father does not rely wholly upon the above principles of law, but he relies primarily upon the decree of the probate court, authorizing him to use fifteen dollars per month out of the corpus of the estate of said minor, for the support, maintenance and education of said minor. This decree of the probate court was made and entered on November 27, 1929, and remained in full force down to the date of the final settlement on April 26, 1939.

Section 8177 of the Code provides: "If the income of the estate of a minor be insufficient for his maintenance and education in a manner suitable to his prospects and condition in life, the court of probate, on the application of the guardian in writing, may order him to appropriate so much, or such part of the principal of the estate of the minor as may be necessary for his maintenance and education."

It was pursuant to this section of the Code that the decree allowing the guardian to use $15 of the corpus of the minor's estate, per month, for the maintenance and education of the minor, was made. The statute, Section 8177 of the

Code, was ample authority to the court to make the order in question. Rowe et al. v. Johnson et al., 214 Ala. 510, 108 So. 604, 605.

The evidence shows that the entire corpus of the minor's estate consisted of one thousand dollars in money, and on which the guardian collected from the bank in which it was deposited $33.23. The evidence further shows that the entire corpus, as well as all interest thereon, was exhausted in the support of the minor long prior to the time of the final settlement, if the decree of November 27, 1929, is to be given force and effect, notwithstanding the loss of the minor's money by the failure of the Southside Bank on January 21, 1931.

It is not denied nor in any way disputed that, withstanding the loss of the minor's money, the guardian continued to support and maintain him up to January, 1939. There is nothing in the agreed statement of facts tending to show in any way, that, after the actual loss of the minor's estate, the minor did not receive the same support and maintenance that he had been receiving prior to the time the loss occurred. Nor is there any evidence to show, or tending to show that the minor rendered services of value to the guardian.

The case of Rowe et al. v. Johnson et al., supra, was one in which certain named minors sued the probate judge and the surety on his official bond to recover damages for alleged neglect or omission of Rowe, as Judge of Probate of Coffee County, to require the guardian of the plaintiffs to make a good and sufficient bond. It was averred that by reason of the neglect or omission of the said judge to require a sufficient bond, the plaintiffs—minors— had been damaged "in the sum of $654.88, with interest, assets of theirs received by said guardian, which they cannot collect from him or the sureties on his bond." The court in this case observed: "From the evidence the income from and the principal of the estate of the plaintiffs were insufficient for their maintenance, and their mother was unable to do so. If the estate, the principal of these wards, the plaintiffs, was used by their guardian, through their mother, for maintaining or supporting or educating them, then their guardian, on the settlement, should have been credited therefor, and the defendants should have been allowed by the trial court in this cause to make proof thereof to show what amount of, if any, damages were sustained by them on account of the defendant Rowe approving the bond of their guardian, with insufficient surety, if true."

While the specific funds of the minor may have been lost, yet the minor suffered no loss or damage thereby. He continued to receive his support and maintenance, notwithstanding the loss. The appellant will not be allowed to "eat his cake and have it too." This is exactly what he is trying to do in this case.

The judgment of the probate court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.