318 So.2d 725

**Eva E. MEYERS**

v.

**Stanley MEYERS.**

**Civ. 459.**

Court of Civil Appeals of Alabama.

Aug. 27, 1975.

Inge, McMillan & Inge, Mobile, for appellant.

McDermott & Deas, Mobile, for appellee.

HOLMES, Judge.

This is a divorce case.

Appellant-wife on appeal, through able counsel, contends that the trial court erred in its division of property; its failure to award periodic alimony; and its failure to award to appellant reasonable attorney fees.

The evidence as revealed by the record indicates the following tendencies:

Appellant-wife is fifty-one years old. Appellee-husband is eleven years older. The parties were married in Lucedale, Mississippi, in 1948. They separated briefly in 1971 and then again in early 1973. On March 26, 1973, appellee filed for a divorce on the ground of incompatibility. Appellant cross-complained in her answer alleging adultery and voluntary abandonment on the part of appellee and accordingly sought a divorce and alimony and support.

Appellant-wife has been employed for twenty-five years with International Paper Company as an inspector. According to exhibits in evidence, she makes $157 a week or $733 a month. She nets $99.13 a week or $396.52 a month. Additionally, she earns an extra $25 a month as secretary for a credit union and another extra $80 a month selling cosmetics.

Appellee is employed at the Pensacola Naval Air Station as an aircraft mechanic. He draws approximately $280 every two weeks. He suffers from some disability and is eligible for retirement, although he so far has refused retirement.

The parties own a home, the deed to which (apparently) is in both their names, and contains a survivorship clause. According to testimony of appellant the home was purchased in 1956 for $14,500. There is a $6,100 mortgage on the home with payments of $70.51 a month. The value of the home was assessed by appellant to be $18,000–$20,000, while appellee assessed it at $25,000.

The parties also maintain several savings accounts and have accumulated considerable assets. We feel compelled at this point to give a brief rundown of these assets:

No. 1. A savings account of $13,065.82 in the First National Bank of Mobile, Account No. 239489, in the name of "Eva E. Meyers."

No. 2. A savings account of $11,874.12 in the First Federal Savings and Loan Association, Account No. 401357, in the name of "Mrs. Eva E. Meyers."

No. 3. A $5,000 six percent certificate in the First Federal Savings and Loan Association, Account No. 604585, in the name of "Mrs. S. L. Meyers."

No. 4. A six percent certificate in the amount of $15,815.23 in the First Federal Savings and Loan Association, Account No. SC 4624 (Account No. 2460146) in the name of "Mrs. Eva E. Meyers."

No. 5. Savings account in the amount of $15,818.90 in the First Federal Savings and Loan Association, Account No. SC 4-623 (Account No. 2460145), in the name of "Mrs. Eva E. Meyers, Trustee for Mrs. Mallie E. Jones," formerly Mrs. S. L. Meyers or Eva Meyers.

No. 6. $10,203.55 in the name of E. E. Meyers with the Friendly Credit Union, Account No. 04–2361–01.

No. 7. $10,543.49 in the name of "Mr. S. L. Meyers, Trustee for Eva E. Meyers, Beneficiary," in the First Federal Savings and Loan Association, Account No. SC 4-622 (Account No. 2–460144).

Additionally, there was a $7,000 unsecured note bearing ten percent interest and due February 1975.

Both parties worked throughout the marriage. The testimony of appellee is that he paid all house payments and living expenses from his salary and contributed some funds to savings, while appellant was able to save all her money. The appellant, however, testified that she shared in the expenses and she further testified that the "biggest majority" of her earnings did go into savings.

Based on the testimony, heard *ore tenus,* the trial judge entered a decree granting the divorce and dividing the property as follows:

"It is also further ORDERED, ADJUDGED and DECREED by the Court as follows:

"THAT the Court hereby grants to the Defendant the exclusive possession of the homeplace of the parties but orders that the title to the said homeplace shall remain in the joint names of both parties as provided for in the original deed to the said property. The Court orders that the Plaintiff shall continue to pay the taxes due thereon and that the Defendant shall be liable for the existing mortgage due thereon together with insurance. The Court orders, however, that in event the Defendant shall remarry or upon the agreement of both parties hereto that the property should be sold, then the property should be sold and the net proceeds are to be divided equally between the parties but, in such event, the Defendant shall be reimbused for one-half of all principal payments made on the existing mortgages on the said homeplace from the date of this Decree, and that in the event the Defendant shall predecease the Plaintiff, then the Plaintiff shall pay to the estate of the Defendant the said amount of one-half of the amount paid by the Defendant on the existing mortgage before the Plaintiff shall take the said property outright by virtue of the Survivorship Clause in the original Deed to the said property. In the event the Plaintiff shall take the said property outright by virtue of the Suvivorship [sic] Clause in the said Deed.

"THAT, the Court hereby orders that all household furniture and furnishings together with appliances located at the said homeplace shall be the property of the Defendant subject to any lien mortgages or encumbrances due thereon with the exception of any personal belongings of the Plaintiff.

"It is further ORDERED, ADJUDGED and DECREED by the Court that the following Savings Accounts shall be the sole property of the Plaintiff together with any accumulated interest thereon:

"First Federal Savings and Loan Account No. 2460146 in the name of Mrs. Eva E. Meyers Trustee for Mrs. Era Black.

"First National Bank Savings Account No. 239489–8 in the name of Eva E. Meyers.

"First Federal Savings Account No. 2–460144 in the name of Mr. S. L. Meyers Trustee for Mrs. Eva E. Meyers Beneficiary.

"It is further ORDERED, ADJUDGED and DECREED by the Court that the following Savings Accounts shall be the sole property of the Defendant:

"The Savings Account at the Friendly Credit Union, Account No. 04–2361–01 in the name of E. E. Meyers.

"First Federal Savings Account No. 401357 in the name of Mrs. Eva E. Meyers.

"First Federal Account No. 604585 in the name of Mrs. S. L. Meyers.

"First Federal Savings Account No. 2460145 in the name of Mrs. Eva E. Meyers Trustee for Mrs. Mallie Jones.

"THAT the Court further orders that the existing Notes Receivable in the approximate amount of $7,000.00 from W. W. Priutt shall be the sole property of the Defendant.

"THAT the Court further orders that each of the parties shall pay their respective Attorney's Fees."

It is from this portion of the decree that appellant-wife appeals.

As noted earlier, the first contentions of appellant are that the trial judge erred in his division of property and in his failure to award alimony.

The contention of appellant is that the evidence shows that the vast majority of the monies saved were, in fact, saved by appellant. Appellant contends that only about $16,000 of the amount saved was contributed by appellee. Thus, appellant argues the division of property actually resulted in appellant getting only a part of that which was already hers and a windfall from appellant's estate inured to the benefit of appellee.

■ At the outset, we note that the law in Alabama is that where the evidence in a divorce case is heard *ore tenus* by the trial court its findings are presumed correct and will not be overturned without a showing of an abuse of discretion, and this rule has particular application as regards an award of alimony. *Chancellor v. Chancellor,* 52 Ala.App. 10, 288 So.2d 794.

In this case we are unable to determine whether the award is an award of alimony in gross or a property division, but under the authority of *Eubanks v. Eubanks,* 52 Ala.App. 224, 291 So.2d 159, we are not required to make such a determination. In either event, the award must depend upon the facts and no mathematical formula can determine what is an appropriate award.

■ After a thorough review of the evidence, as set out in the record, we find no such abuse of discretion as to require reversal.

As this court views the evidence, the appellant received possession of the home and its furnishings and also $49,896.57, plus the interest to be accumulated on the $7,000 note. Appellee received $39,424.54 of the assets.

It is true that there is conflict as to how the savings were amassed. However, regardless of how the evidence is viewed, virtually all the assets were acquired dur-

ing the parties' marriage. Appellee testified that he paid all the bills and expenses, allowing appellant to save her pay checks. Appellant, however, testified that she shared in the expenses, and then was still able to save roughly two-thirds of her salary. The testimony on this key issue is contradictory and confusing. However, it is well established that the witnesses' credibility is for the trial judge, who saw and heard the witnesses and was better advantaged to appraise the accuracy of all the testimony than this court sitting on review. *McLeod v. Willard,* 257 Ala. 672, 60 So.2d 692.

 Nor do we find any abuse in the failure of the trial court to award what appears to this court to be a request for periodic alimony. It is true that the appellant is liable for the existing mortgage and insurance on the home. However, she receives benefits from such payment as provided in the trial court's decree, as set out previously. Additionally, the evidence indicates that she draws $501 a month. Appellee, himself, draws only approximately $560, and he is liable for the taxes on the property.

In view of the respective incomes, the award for household furniture and furnishings to appellant, the possession of the home to appellant, and the aforementioned award of accumulated assets, we find no abuse requiring reversal.

Appellant's third contention is that the trial court erred in not awarding appellant attorney's fees. We find no merit with this contention.

The award of attorney's fees is within the sound discretion of the judge. *Ryan v. Ryan,* 267 Ala. 677, 104 So.2d 700. We find no abuse in the judge's failure to award attorney's fees. We note further that such fees were not claimed or sought by appellant in her Answer And Cross-Complaint. Nor was any such request made in open court.

The judgment is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.