WRIGHT, Presiding Judge.
This is a divorce case. The issues on appeal relate to the division of property and award of alimony and attorney fees. We affirm the judgment below.
The parties were married in 1949. They have three adult children. After marriage they located on 345 acres owned by the husband’s parents. With the aid of the husband’s father, the parties built the acreage into a dairy farm. In 1964, the husband’s parents gave title to the farm to the parties jointly with right of survivorship. An additional tract of 200 acres was subsequently purchased with joint title.
In 1975 the parties moved from the farm into an. apartment, intending to build a new home on the farm. The home was not built and separation occurred. The wife brought suit for divorce alleging incompatibility.
The evidence tended to show that the estate of the parties owned jointly consisted of the farm and the 200 acres of unimproved land. The farm was found by the court to be of the value of $250,000 with indebtedness against it of $160,000. The 200-acre tract was appraised at $100,000 without indebtedness against it. Tax returns indicate the dairy has operated at a loss since 1974. There was evidence that if suffered from mismanagement since the husband had left its active supervision and become engaged in a tractor business. There was testimony that it would take at least two years of good management and considerable investment to get the dairy back into a profit position.
The husband owns about half the stock in a tractor company and a half interest in the real property where the business is located. Financial statements of the company indicate a net loss in 1976. Husband owns a lot in Atlanta and three resort lots of the net value of $6,500.
The wife worked in the tractor business until this action arose and is now employed in a bank earning $450 per month.
The judgment of the court granted a divorce, and awarded the wife title to the 200-acre parcel of land, a cemetery lot, a 1975 Lincoln automobile and certain other personalty. All other property and assets were awarded the husband subject to all indebtedness. No alimony was given the wife, but the court reserved the right to make an award at a future time. Attorney fees of $2,000 was assessed against the husband.
The wife submits that the awards to her are inadequate. She bases her contention largely upon the finding of the court of the value and indebtedness of the dairy farm. The wife’s contention may not prevail because the finding of the value of the farm is supported by the evidence and is *1147 buttressed by a presumption of correctness. Meyers v. Meyers, 55 Ala.App. 697, 318 So.2d 725 (1975). Having correctly determined the value of the estate, the division thereof between the parties upon a divorce is a matter within the discretion of the court. The exercise of that discretion will not be set aside upon review except for palpable abuse. Segars v. Segars, 334 So.2d 684 (Ala.Civ.App.1976). Our appellate courts have often said that though we might not have reached the same judgment had we been sitting as the trial judge, such does not permit us to reverse in the absence of a clear and arbitrary abuse of discretion. Novak v. Novak, 339 So.2d 77 (Ala.Civ.App. 1976).
In view of the undisputed testimony as to the large indebtedness of the dairy, the time and cost of its return to production of income and the absence of evidence as to a current income of the husband, we are unable to find a clear abuse of discretion in failing to require immediate payment of alimony. The same conclusion must be given the claim of an insufficient award of attorney fees. Such award, like alimony, is for the discretion of the trial court. Pruett v. Pruett, 333 So.2d 580 (Ala.Civ.App.1976).
We deny attorney fees on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.