This is a divorce case.
The Circuit Court of Covington County divorced the parties, made a division of property, ordered child support, and provided for visitation by the husband with the children.
The wife appeals, contending that the trial court abused its discretion in the division of property, the award of support, certain aspects regarding visitation, and its failure to award the attorney for the wife a fee. We disagree and affirm.
We do not deem it necessary to give a detailed recitation of the facts. The following is sufficient.
The parties have been married for approximately ten years. They have two minor children. Both have worked a majority of their married life. They both earn approximately *Page 460 
the same pay. The "take home" pay of each is about $500 per month. They have accumulated very little in the way of material goods. Specifically, our view of the record, in pertinent part, reveals they own two automotive vehicles, a ten year old mobile home, and apparently normal household furnishings. In addition, they had certain joint debts.
With the above in mind, the trial court required the husband to pay $75 per month child support. He allowed each party to retain a vehicle. He allowed the husband to retain the mobile home. We would note at this point that there is absolutely no testimony regarding the value and/or condition of the mobile home or trailer, as it is referred to in the record. Additionally, the husband was required to pay all of the debts incurred by the parties. The wife was awarded the washer and dryer and the husband other household furnishings.
In addition to normal visitation rights, the following is found in the trial court's decree:
 "(2) In the event Cecil McDuffie visits Defendant, Patricia Donzell Weed, whether the purpose of such visit be business or social, the Defendant, Patricia Donzell Weed, is to deliver said children to Plaintiff prior to said visit and said children shall remain with Plaintiff or Plaintiff's grandparents (Bryan) until the following morning. A violation of this condition will support a petition for change of custody of the minor children born to the marriage of these parties."
No provision was made for an award of an attorney's fee.
As indicated above, the wife contends the trial court erred to reversible error in its division of property, the amount of child support, the above mentioned provision concerning visitation, and in failing to make an award of an attorney's fee.
This court reviews a judgment by a trial court in divorce cases with a presumption of correctness in any case where that court has heard the testimony and viewed the witnesses. Meyersv. Meyers, 55 Ala. App. 697, 318 So.2d 725 (1975). The rationale for this rule — commonly called the ore tenus rule — is this court's awareness of the fact that the trial court is in a better position to make decisions regarding awards of alimony, child support, and property division than an appellate court. Accordingly, we will not reverse a trial court's determination in such matters unless the complaining party demonstrates from the record before this court that the trial court palpably abused its discretion. And, in this instance, we are not prepared to hold that the judgment rendered by the trial court relating to the division of property and amount of child support was palpably in error. Novak v. Novak, Ala.Civ.App.,339 So.2d 77 (1976); Segars v. Segars, Ala.Civ.App.,334 So.2d 684 (1976).
We should not be understood as necessarily finding that this court would have made the award of child support and division of property just as the trial court did. However, it is not our function to substitute our judgment for that of the trial court. See Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707
(1975).
Furthermore, the allowance of an attorney's fee in a divorce case is within the sound discretion of the trial court. Hugginsv. Huggins, Ala.Civ.App., 331 So.2d 704 (1976). Here, in this instance, we cannot say the trial court abused its discretion. This is especially true in view of the parties' respective incomes.
Additionally, we find no reversible error in the trial court's decree regarding visitation; specifically, that portion quoted above.
The husband charged the wife with adultery with one Cecil McDuffie. However, we would point out that this was not proved and the divorce was granted on the wife's complaint alleging incompatibility. However, suffice it to say, there was testimony that the wife visited Mr. McDuffie prior to the divorce. In effect, the trial court has simply granted to the husband additional visitation rights when the wife chooses to be with Mr. McDuffie. The following *Page 461 
from Skipper v. Skipper, 280 Ala. 506, 508, 195 So.2d 797, 799
(1967), is appropriate and dispositive of this issue:
 "Much discretion is left with the trial court in the settlement of visitation rights between the parents. In determining the propriety of the decree regarding visitation rights of a divorced parent, each case must be decided on its own peculiar facts and personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Mockridge v. Mockridge, 278 Ala. 79, 197 So.2d 772; . ."
See also 8 Ala. Dig. Divorce 296 and 299.
We would comment that the judge's pronouncement that, "A violation of this condition will support a petition for change of custody . . .," is merely surplusage, as many matters might "support" a petition. The actual change of custody is an entirely different matter and involves numerous factors, the least of which is not the best interest of the child or children.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.