This appeal arises from a judgment rendered by the Circuit Court of Dallas County divorcing the parties on the ground of incompatibility of temperament. Appellant contends that the judgment of the trial court should be reversed for the following reasons: (1) the trial court improperly denied appellant's motion for relief under Rule 60 (b) and Rule 59 (e), ARCP; (2) the trial court abused its discretion by denying appellant's request for alimony; (3) the trial court's award of child support was grossly insufficient; (4) the trial court erred in its refusal to award appellant reasonable attorney's fees; and (5) the cumulative effect of the trial court's action in the above stated matters demonstrated an abuse of its judicial discretion.
The record reveals that the parties were married in 1952. Their marital union produced two children. Their oldest child, a son, was in the Navy at the time of the divorce hearing and was fully self-supporting. The remaining child is a teenage daughter. She was in the eleventh grade of high school when the parties obtained their divorce. Both the husband (appellee Feulner Dewitt Clark) and the wife (appellant Jane Gash Clark) are in their early to mid-forties and apparently in good health. The wife, however, does have some physical ailments, although these ailments appear to be minor. At the time of the divorce she was employed as a secretary and in this capacity she earned $130 a week. On the other hand, the husband was unemployed. He is a CPA with a degree in accounting from the University of Alabama. During the couple's marriage he held a number of well-paying and prestigious jobs. In 1975 he earned $25,000. However, he became ill in 1976 and as a consequence his income for that year was reduced to $7,000. In April of 1977 the husband terminated his partnership with another accountant and from that date until the time of the divorce hearing he remained unemployed. Nonetheless, there was a significant amount of testimony that he had attempted to obtain new employment but that his efforts had been unsuccessful.
At the close of the evidentiary phase of the divorce hearing, the trial court divorced the parties on the grounds of *Page 1210 
incompatibility of temperament. The court awarded the wife almost all of the personal property which the couple owned. The wife received a Dodge station wagon, four bedroom suites, a dining room suite, all the furniture in the living room and den, the household appliances and various books, cooking utensils and silverware. The husband was allowed to retain a 1967 Dodge automobile, a television set, and his personal effects. Moreover, the court decreed that the parties were to share in the proceeds from the sale of their jointly owned real property and in any money which remained in their joint checking account. The proceeds from the sale of the real property were approximately $8,230. However, the court ordered that $3,000 of the husband's share of the proceeds was to be placed in a savings account to insure the payment of his obligation to provide child support for his daughter. The husband was directed to pay child support in the amount of $200 a month. Finally, the trial court ordered that both parties would be responsible for paying their own attorneys for the latters' legal representation. From this judgment the wife appeals.
The first issue raised on appeal involves the wife's contention that the trial court improperly denied her motion for relief from judgment and/or to amend or vacate the divorce judgment entered by the court. The wife urges that the provisions in Rule 60 (b)(1), 60 (b)(2), 60 (b)(3), 60 (b)(6) and 59 (e) of the Alabama Rules of Civil Procedure support her contention. Rule 59 (e) will not be considered for the motion was filed more than thirty days after entry of the judgment and hence was filed too late.
Rule 60 (b) provides that the trial court may relieve a party from a final judgment for mistake, newly discovered evidence, fraud by the adverse party, or any other reason justifying relief from the operation of the judgment.
In the instant case the wife contended that there was an agreement with her husband that all costs, liens and encumbrances would be deducted from the proceeds which resulted from the sale of the jointly owned property. The wife alleged that the property was subsequently sold for the sum of $11,237.84 and that the husband deducted $3,800 from the proceeds of the sale on the premise that the latter figure represented a lien which existed on the property. In urging the trial court to grant the wife relief from the judgment of divorce, her attorney claimed that the husband misrepresented to the court that a promissory note (which was made payable to a third party) constituted a lien on the couple's real property. The wife's Rule 60 (b) motion asserted that she believed that the note belonged to her former husband and that it did not constitute a lien on the property.
After allowing both parties to present arguments in support of and in opposition to the wife's motion for relief under Rule 60 (b), the trial court denied her motion. The court stated that it was not led to believe that the $3,800 which was deducted from the proceeds of the sale of the property constituted a lien. Indeed, the court specifically stated that the wife was examined and cross-examined on the matter at the time of the divorce hearing and that neither attorney had questioned the wife with regard to whether the promissory note constituted a lien on the property. Moreover, the court indicated that it regarded the promissory note as a loan to provide the down payment on the property and not as a lien on the property itself. Accordingly, the trial court refused to find that the husband had perpetrated a fraud on the court or that there existed newly discovered evidence. Likewise, the court refused to accept the argument by the counsel for the wife that his client was mistaken regarding her testimony concerning the promissory note at the time of the trial.
The trial court then refused to allow the wife's attorney to reopen the case and present further evidence on behalf of his client's cause. The court's rationale in so holding was that the wife had the opportunity to present such evidence at the divorce hearing but had failed to do so.
Based on the circumstances described above, we do not find that the court erred in denying the wife's 60 (b) motion or *Page 1211 
that it acted improperly in refusing to permit her attorney to present further evidence in support of the wife's claims.
In considering a motion for relief under Rule 60 (b), the trial court is given wide discretion. In exercising this discretion the court must balance the desire to remedy injustice against the need for finality of judgments. Consequently, the court may deny a Rule 60 (b) motion where it finds that: (1) the moving party has not shown good cause for having failed to take appropriate action sooner; or (2) where the litigation would be protracted needlessly due to the inability of the moving party to demonstrate a valid reason for changing the result of the challenged judgment. Rule 60, ARCP, and committee comments thereto. In the present case the trial court determined that the attorney who represented the wife had failed to take appropriate action at the trial although he had the opportunity to do so at that time and that the enforcement of the terms of the divorce decree would be needlessly protracted by any further proceedings. Determinations of this nature were within the discretionary power of the court and we are not persuaded that the court abused its discretion in denying the wife's motion under Rule 60 (b).
The next issue for our review involves the wife's claim that the trial court erred in its refusal to award her a reasonable amount of alimony. In support of this argument the wife relies on a number of factors which she asserts should be considered in determining whether a wife should be awarded alimony. Although not exhaustive, a list of these factors includes: the future earning capacities of the parties, the duration of the marriage, the conduct of the parties with regard to the cause of the divorce, and the age, health and sex of the parties.
An examination of the record indicates that a number of these as well as other factors might very well have justified an award of alimony to the wife. However, another factor which the trial court may consider before awarding alimony is the husband's ability to pay. In this instance the husband left an accounting partnership because it was not producing sufficient income to support the husband and his partner. As a consequence of this action the husband was unemployed at the time of the parties' divorce and there was no indication that his future job prospects were good. Nor was there any evidence that the husband was receiving income from a source of another nature. Moreover, the trial court awarded the wife almost all of the parties' personal property and one-half the proceeds from the sale of their real property. In addition, the husband was ordered to pay $200 a month in child support and three-fourths of the $4,000 he received as a result of the sale of the parties' jointly owned property was placed in an account to secure the payment of this obligation. In view of these facts and the husband's financial circumstances at the time of the divorce, there remained little else for the wife to receive.
A trial court has the discretion to refuse to award periodic alimony to a wife. Rosser v. Rosser, Ala.Civ.App.,352 So.2d 1145 (1977). See Searcy v. Searcy, Ala.Civ.App., 340 So.2d 1134
(1976). And if the ore tenus rule is applicable, the trial court will not be reversed for denying the wife the right to receive alimony in the absence of a clear and palpable abuse of its discretion. Caldwell v. Caldwell, 54 Ala. App. 479,309 So.2d 833 (1975); Meyers v. Meyers, 55 Ala. App. 697,318 So.2d 725 (1975). In the instant case the proceedings before the trial court were heard ore tenus. And in view of the evidence, we can find no abuse of discretion in the court's failure to grant periodic alimony.
The same conclusion must likewise be reached in regard to the wife's contention that the trial court erred in its refusal to award her a reasonable attorney's fee. Such an award, like alimony, is for the discretion of the trial court and the court will not be reversed unless the record before us affirmatively demonstrates that the trial court clearly abused its discretion in denying the wife an attorney's fee. Pruett *Page 1212 v. Pruett, Ala.Civ.App., 333 So.2d 580 (1976). Given the husband's lack of income, we are unable to find a clear abuse of discretion in the court's refusal to award the wife attorney's fees.
The wife also asserts that the trial court's award of child support was grossly insufficient. However, as we have noted earlier the husband was ordered to provide $200 a month for the support of his minor daughter. In addition, he was directed to place $3,000 in an account to secure the payment of this obligation. Based on the record before us we are not persuaded that an award of child support in the sum of $200 a month was an inadequate amount.
Finally, the wife argues that the cumulative effect of the trial court's refusal to award alimony and attorney's fees, and the "inadequate" amount of child support it provided, demonstrates an abuse of judicial discretion on the part of the court. However, we do not agree. In view of the relative circumstances of the parties we cannot say that the trial court abused its discretion in regard to any of these matters, whether considered separately collectively. Therefore, we affirm.
Motion for award of attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.