This is a divorce case. The husband filed for divorce from his wife on the grounds of incompatibility of temperament and an irretrievable breakdown in the marriage relationship.
The parties to this appeal had been married for twenty-two years and had seven children. Two of these children have reached majority. Real property owned by the parties consisted of a three-bedroom house located on 1.26 acres and an adjoining tract of land on which two house trailers and a small camper are parked. An indebtedness of $11,562.10 is outstanding on the house, and $10,639.82 was owed on the trailers and adjoining land. The house payment is approximately $41.00 a month and the remaining property is subject to a $262.72 monthly payment.
The husband is forty-two years old and works as a brickmason contractor. He testified that he could not remember the exact amount of time that he worked from 1957 to 1972 due to his alcoholic state during this time. The husband stated that in 1972 he began contracting houses for himself, having overcome his alcoholism. He further testified that he could not work for over fifteen to twenty minutes at a time. He has also received a favorable decision on a disability claim filed with the Social Security Administration. However, at the time of trial no computation as to the exact monetary award due the husband or his minor children had been made.
The husband testified that his business consisted mainly of employing alcoholics to perform brickmasonry work. He stated that he did little work himself, but acted as the contractor and supplied the equipment necessary for the job. After completing a job, the husband would pay for the labor and materials used, and he would keep the difference. At the trial the husband could not recall how much money he had earned in the preceding six months. Several witnesses did testify that they had been employed by the husband to do brickmasonry work and had been paid for their work. On cross-examination the husband admitted to performing at least five different contracting jobs in 1978, but was unable to recall what he earned for this work. He testified that he had not filed a federal income tax return since 1972.
The wife is thirty-seven years old and is actively employed. She began working at her present job in May of 1977. She testified that on a thirty-six hour week her take-home pay is $186.00 and on a forty-eight hour week she brings home $248.00.
The trial court granted the parties a divorce and also decreed that: (1) the wife is awarded custody of the minor children; (2) the husband is required to pay $100.00 a month in child support; (3) the husband is ordered to pay the monthly payments on the real estate mortgages; (4) the wife is awarded the use of the house until the last minor child reaches majority; (5) the wife is also awarded all of the household goods; and (6) each party is allowed to keep the automobile in his or her possession. The husband filed a motion for a new trial which was denied by the trial court. This appeal followed.
This court reviews a judgment by a trial court in divorce cases with a presumption of correctness where that court has heard the testimony and viewed the witnesses. Meyers v. Meyers,55 Ala. App. 697, 318 So.2d 725 (1975). Accordingly, we will not reverse a trial court's determination in such cases unless the complaining party demonstrates from the record before this court that the trial court palpably abused its discretion. Weedv. Weed, Ala.Civ.App., 358 So.2d 459, cert. den., Ex parteWeed, Ala., 358 So.2d 461 (1978). *Page 1100 
The husband's first contention is that the divorce decree is ambiguous and should be remanded for clarification. In particular, he contends that the decree does not provide for the disposition of the trailers and automobiles located on the parties' property. We disagree with appellant's contention. The trial court provided in the divorce decree that the parties' property, including the trailers and automobiles located on the property, would be sold after all of the children reach majority. Any money remaining after the satisfaction of any outstanding indebtedness would be divided equally between the parties.
The husband also urges this court to award him custody of the parties' youngest child. He points out that the child testified that he wanted to live with his father, and that the wife admitted that the child was very close to his father. Although the preferences of children involved in a divorce with regard to their custody are entitled to much weight, the wishes of the children are not controlling, and primary consideration is the best interest and welfare of the children involved. Rogers v.Rogers, Ala.Civ.App., 345 So.2d 1368 (1977). After reviewing the record, we believe that the best interest and welfare of the child dictates that custody be awarded to the mother.
The husband next contends that the child support ordered by the trial court imposes too severe a financial burden on him. The amount of child support to be granted depends upon both the needs of the child and the ability of the parent to pay.Phillips v. Phillips, Ala.Civ.App., 344 So.2d 786 (1977). Here, the wife was given custody of the five minor children. Although the husband was required to pay only $100 per month in child support, he argues that he has only a limited ability to pay. The evidence did show that the husband was sufficiently disabled to receive Social Security payments. However, the evidence also indicated that the husband was a brickmason and had the equipment necessary to do contracting work. In fact, the husband had been a brickmason contractor for the preceding five years. Although there was no evidence of the husband's exact past earnings, the husband admitted performing several contracting jobs in 1978. There is other evidence to the effect that he did contracting work for which he was paid an indefinite amount. We believe the evidence supports the trial court's conclusion that the father does work or is capable of working as a brickmason contractor and can earn sufficient money to pay the $100 per month child support award made by the decree; therefore we find no reversible error in this aspect of the trial court's decree.
Lastly, the husband argues that the trial court erred in requiring him to pay the total mortgage payments on the real estate and in refusing to sever the joint title of husband and wife to this property. The mortgage payment on the house is approximately $41.00 a month. The husband testified that the monthly mortgage payment on the second tract of land and the trailers was $262.71. The husband also testified that he had not made a payment on either of the properties in two years.
We think it is evident that the wife must use the majority of her earnings to feed and clothe the children, and she will need whatever help she can get from the appellant to make the mortgage payment on the house and she will need the child support payments to take care of doctor bills for the children and their other needs. Hence we do not believe that the trial court erred in requiring the appellant to make the mortgage payments on the parties' two parcels of real estate. While we might not have decreed as did the trial court in the instant case had we been the trier of fact, nevertheless, the trial court did see and hear the witnesses give their testimony; and we cannot, after reviewing the record in its entirety, say that the trial court so abused its discretion in that portion of its decree disposing of the parties' real estate and in requiring the husband to make the mortgage payments thereon as to require reversal.
Likewise, appellant's contention that the title to the house and land should not be held jointly is without merit. The wife was *Page 1101 
given the use of the house as part of the child support award. The court provided that after the youngest child reached majority the house and lot were to be sold and the proceeds after satisfaction of any indebtedness were to be divided equally between the parties. We find no error with this disposition of the parties' real property.
There being no reversible error apparent from the record, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.