WRIGHT, Presiding Judge.
This case comes before us on the denial of a Rule 60(b) motion from the Family Court of Jefferson County.
The record reveals the following:
A baby girl was born to Deborah Ann Kelley and Matthew Alan Shuttleworth on January 1, 1980. The mother and father were not at that time, nor have they ever been, married. Shuttleworth has never denied being the child’s father and, in fact, freely admits his paternity. Both mother and father are twenty-one years old.
Having been made aware in November 1979 that her pregnancy had progressed too far to obtain an abortion, the mother sought to place her soon-to-be-born child for adoption. It appears that the father was opposed to abortion or adoption from the outset.
*895 The mother consulted a social worker, representing Catholic Social Services of Huntsville, concerning giving up of the child at birth for adoption. The father was not involved in these consultations. The mother signed a notarized statement giving consent to place the child for adoption. The case was begun pursuant to Rule 12, Alabama Rules of Juvenile Procedure, and a hearing was set pursuant to § 12-15-65, Code of Alabama (1975). The hearing was held on March 11, 1980, with the mother, but not the father, present. An order was entered finding the child dependent and terminating the parental rights of the mother. Hearing as to a disposition of the father’s parental rights was postponed until March 25,1980. The father did not appear. Judgment was entered terminating his parental rights.
The mother and father failed to appeal the judgments terminating their rights within forty-two days as provided by Rule 4, ARAP. Instead, they obtained counsel after time for appeal had run and jointly moved pursuant to Rule 60(b), ARCP, for relief from judgment on June 10, 1980.
The court heard more than four hundred pages of testimony upon the motion. We have reviewed the record carefully.
There were alleged as grounds in the motion that there was practiced upon the mother of the child fraud, undue influence, and misrepresentation to secure her relinquishment of parental rights to her child and consent to its adoption. We have carefully considered the record and find no basis for disagreement with the trial court’s factual conclusion that none of those allegations were supported by the evidence.
The motion further charged improper service of notice of the hearing of March 25, 1980, upon the father. The record reveals that notice of the hearing, together with an instrument prepared for his signature releasing his rights, was sent by certified mail, restricted delivery, to the father’s address. The record further reveals that the notice was delivered to that address and receipt therefor signed by the addressee’s father, as agent, on March 13, 1980.
Section 12-15-54, Code of Alabama (1975) provides that service of summons in such cases shall be pursuant to the rules of procedure adopted by the Supreme Court. Rule 13, Juvenile Rules provides that service of summons shall be as provided in Alabama Rules of Civil Procedure. Those rules provide for service by certified mail, restricted delivery. The comment to Rule 4.1(c)(2), ARCP states:
Restricted delivery provides a means by which a mailer may direct that delivery be made only to the addressee or to an agent of the addressee who has been specifically authorized in writing by the addressee to receive his mail.
There is no proof of written authority by the addressee, Shuttleworth, for his father to receive his mail. However, the son lived with and received his mail at his father’s home. It is undisputed, in fact admitted, that the letter was placed in his room and he noted that it was from the court. He subsequently carried it to the child’s mother and discussed with her his continued resolve not to give up his rights to his daughter. The father admitted that he, in fact, affixed his signature to the release form sent to him by the court. That signed form was taken by the mother to the social worker. It was filed in the case, though not until after the hearing on March 25. It appears in the. record.
We consider that the father, in fact, received the service from the court sufficient to satisfy all constitutional right to notice and due process. The discretion of the trial court that he not now be allowed to claim technical lack of service through a 60(b) motion will not be disturbed.
This court has carefully considered this matter in light of the presumption that the trial court properly exercised its discretion in denying the Rule 60(b) motion. Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978). We are impressed with the patient action of the trial court in permitting lengthy testimony and legal argument before ruling on the motion. We commend the court for doing so. We are further *896 impressed with the careful consideration of the entire matter and the compassionate understanding of the primary issue, the welfare of the child, exemplified by the four-page judgment upon the motion. This court has great sympathy with the parents of this child, but we are unable to substitute our judgment for that of the trial court in this matter. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.