BRADLEY, Judge.
This is a divorce case.
The parties were married to each other on March 11,1972. Two children were born of the marriage, namely: Janell, age five, and Brandon, age three. The wife filed for divorce on March 5, 1981.
The husband in this case is a coal miner employed by Jim Walter Resources. He also does some work on the side as a mechanic. His minimum net monthly income is $1,300.00.
*157 The wife is presently working as a secretary, with a net income of $650.00 a month. She has been attending college part time and is very close to graduation.
The parties jointly own a home in Tuscaloosa County which they purchased for $14,-000.00. There are presently two mortgages on the home. The first mortgage has a balance of $10,000.00 and the second mortgage has a balance of $7,000.00. The court determined that the parties had $6,000.00 equity in the house.
On March 25, 1981 the trial court entered a judgment pendente lite awarding custody of the minor children to the wife. On March 27, 1981 the trial court confirmed a report by the general master who was appointed to determine a reasonable amount of pendente lite support. The amount set was $175.00 per week as support of the minor children.
The divorce case was heard in two parts. The first part of the case was heard on May 19, 1981 concerning who was to be awarded custody of the children. On May 21, 1981 the court entered a partial final decree awarding custody of the children to the wife and reaffirming the support payments pendente lite.
The final decree was not entered until August 17, 1981 after a further hearing regarding child support and division of property. An appeal was taken to this court on September 15, 1981.
The final decree awarded permanent custody of the children to the wife. The husband was ordered to pay the wife $159.00 a week as child support and $1.00 a week as periodic alimony. The wife was given a one-half interest in the marital home. The title to the other one-half interest in the home was conveyed to the mother in trust for the children. The wife was ordered to make the mortgage payments on the house. The court also ordered that the house not be sold or mortgaged without prior approval of the court.
The husband raises two issues in this appeal. First he contends that the amount of child support awarded in this case is excessive and constitutes an abuse of discretion. Second he argues that the division of the marital home was inequitable.
The award of child support is within the sound discretion of the trial court and will not be reversed on appeal absent a showing of plain and palpable abuse of discretion. Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App.1979). In the present ease we cannot find such an abuse of discretion as to require reversal.
The husband earns $1,300 a month as a coal miner. He also is able to work part time as a mechanic. Although the award of $159 a week as child support and $1.00 a week as alimony constitutes approximately one-half of the husband’s salary, we cannot say that this amount is so excessive as to constitute an abuse of discretion.
The husband also argues that the award of one-half of the house to the wife and the other half to the children constitutes reversible error. We cannot agree. The division of property in a divorce ease does not have to be equal but is to be equitable and graduated according to the nature of the case. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980).
The house was purchased for $14,-000.00. There is an outstanding balance of $10,000.00 on the first mortgage and a $7,000.00 balance on a second mortgage. The wife was ordered to pay these mortgages. The trial court found that the parties had approximately $3,000.00 each of equity in the property.
The award to the wife of her one-half interest in the property, especially in view of the evidence relating to fault on the part of the husband, is not inequitable. Moreover, the award to the mother for the children of the remaining one-half interest as additional child support or as an assurance that future child support payments will be made as ordered is also not inequitable. Consequently, based on the evidence in this case, we find no error in the division of property.
*158 In response to the wife’s request for an attorney’s fee on appeal, we award $350.00 for such purpose.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.