On July 12, 1976 appellant, Boyce Garrett Erwin, and appellee Janet Luna, in a case not the subject of either appeal herein, were divorced by the Circuit Court of Jefferson County, Alabama. Thereafter, the parties lived together without the benefit of formal marriage, separating at some time prior to the birth of their daughter.
After the separation and before the birth of the child, the parties entered into a written agreement for the support of the child. This agreement also provided for the adoption of the child by persons not parties to such agreement. The agreement was ratified by the Jefferson County Circuit Court and incorporated into a final decree. Copies of signed consent forms do not appear in the record; however, appellant says that he did sign a consent form.
The present proceedings arose when appellee State of Alabama Department of Pensions and Security (DPS) filed in the name of appellee Janet Luna a proceeding styled "Petition for Child Support," alleging that appellant was the father of her child and owed a duty to support said child.
Appellant filed an answer alleging that the prior order in Jefferson County Circuit Court released appellant from any child support obligation. Appellant then amended such answer to include a cross-claim against appellee Luna based on an indemnity clause contained in the order of the Circuit Court of Jefferson County.
Thereafter, appellant filed a petition for rule nisi in Jefferson County requesting that appellee Luna be held in contempt; that she be imprisoned until she completed the adoption, and that appellant be indemnified. After a hearing the court denied appellant's request for relief. Appellees, DPS and Luna, then filed in Winston County Circuit Court a motion for injunction asking that appellant be enjoined from proceeding further in the action filed in Jefferson County.
A hearing was held in Winston County and an order was entered therein where appellant was required to pay $15 per week to the DPS for reimbursement of payments made by the DPS in support of his minor child and another $35 per week to be paid *Page 1244 
to Luna for the support and maintenance of said minor child. The Winston County Circuit Court also decreed that it had jurisdiction and venue of this case and is the proper forum for disposition of the issues in this cause. The Winston County case and the Jefferson County case have been consolidated for review by this court.
The first issue raised in brief to which we will direct our attention concerns appellant's contention that the Circuit Court of Winston County should not have entertained the petition filed by DPS because of the final decree entered by the Jefferson County Circuit Court. Appellant argues that if two courts have equal and concurrent jurisdiction, the court that first assumes that jurisdiction has a preference. In order for this principle to be applicable in any particular case, the second action must be between the same parties, and it should relate to the same question. This principle, however, is not a blanket prohibition, as there are exceptions such as the one recognized in Guy v. Robison, 252 Ala. 99, 39 So.2d 392 (1942).
In Guy the court restated the concurrent jurisdiction principle and then refused to apply it, recognizing that "the same rights are not involved in the two suits." The same is true here. The Jefferson County case contained no support order. DPS, a nonparty to the Jefferson County case, commenced an independent statutory action in Winston County for child support. Thus, there are different issues, different parties, different remedies, and different questions. The concurrent jurisdiction principle, thus, does not apply. Therefore, we affirm the Winston County ruling as to jurisdiction.
Appellant's next contention is that the Jefferson County agreement and final decree contain a waiver of support provision. Appellant urges that Luna violated the waiver of child support provision contained in the agreement later made a part of the judgment of divorce, and should have been held in contempt of court. A child's right to receive support from his parents, however, is inherent and cannot be waived by the parents by agreement even if a waiver of support provision is included in the final decree. Willis v. Levesque,402 So.2d 1003 (Ala.Civ.App. 1981); Percer v. Percer, 370 So.2d 308
(Ala.Civ.App.), cert. denied, 370 So.2d 311 (Ala. 1979).
Appellant's argument that his child support obligations were terminated by the agreement thus has no judicial merit. Only if appellant's parental rights had been terminated, either by adoption or otherwise, would appellant's support obligations have ceased. Gessner v. Powell, 238 So.2d 101 (Fla. 1970); Lawv. Bush, 239 Ala. 612, 195 So. 885 (1940). No adoption, however, ever took place.
The Jefferson County agreement stated that termination of appellant's parental rights would occur only if an adoption was entered into and appellee consented to the adoption. Appellee would be found in contempt only if it were shown that she violated the Jefferson County decree. Yet even though appellee failed to execute the terms of the agreement, she is excused from contempt charges because of an established rule stating that "the inability of an alleged contemner, without fault on his part, to render obedience to an order or decree of court is a good defense to a charge of contempt for the disobedience of the order or decree." 22 A.L.R. 1256 (1923). Also:
 "In McKissack v. Voorhees (1898) 119 Ala. [101], 24 So. 523, the defendant was directed by an order of court to pay over certain money to a receiver for the benefit of creditors. The defendant did not have the money in his possession or under his control at the time of the order. The court said that unless he had so held the money, or unless he had such possession and control of it after the commencement of the suit, and had disposed of it in anticipation of the decree and order, and to avoid its mandate, he would not be guilty of contempt for failing to obey the order."
22 A.L.R. 1257 (1923).
Appellee Luna did not consent to the adoption because of circumstances beyond *Page 1245 
her control, and thus should not be held in contempt. The record indicates that appellee Luna's parents were the parties designated to adopt the child and they are now separated and in the process of obtaining a divorce. Since appellee has no legal control over her parents, and additionally, has no control over the probate courts and cannot compel them to grant the adoption to her parents, she should not be held in contempt. Accordingly, we affirm the Jefferson County court's denial of appellant's motion for rule nisi.
The final issue raised that we will consider is the appellant's argument that the Winston County court committed error in ordering him to pay $50 a week in child support. He says that his only income is $60 a week in workmen's compensation benefits.
Shortly after the collection action was filed by DPS, appellant quit his job as a truck driver, for which he was earning about $300 a week. He then worked for his stepfather doing yard work, for which he earned $30 a day when he worked. It was while so employed that he injured one of his knees, for which he draws workmen's compensation benefits. He is presently married and his wife works.
There is a presumption of correctness of the trial court's judgment where the court has heard the testimony and viewed the witnesses. Meyers v. Meyers, 55 Ala. App. 697, 318 So.2d 725
(Ala.Civ.App. 1975). The appellate court will not reverse the trial court's determination in cases where the trial court has heard the testimony and viewed the witnesses unless the complaining party demonstrates from the record before the appellate court that the trial court palpably abused its discretion. Campbell v. Campbell, 377 So.2d 1098 (Ala.Civ.App. 1979). In Emfinger v. Emfinger, 411 So.2d 156 (Ala.Civ.App. 1982), this court held that a child support award of $150 a week and $1.00 a week alimony was not so excessive as to constitute abuse of discretion, even though such an award constituted approximately one-half of the husband's salary. Moreover, we have held that ability to earn, as opposed to actual earning, is a factor to be considered in making a child support award. Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App. 1979). Appellant was earning about $300 a week driving a truck until he quit shortly after the collection action was filed.
Also, there is no magical mathematical formula that can determine what is an appropriate child support award. Each case must rest on its own facts. Lipham v. Lipham, 50 Ala. App. 583,281 So.2d 437 (Ala.Civ.App. 1973). We do not find that the trial court so abused its discretion in the amount of its child support award as to require it to be set aside.
Both parties have requested an attorney's fee on appeal, and both requests are denied.
The judgments of the trial courts are affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.