#### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF GRAFTON, NOVEMBER TERM,

### A. D. 1832.

---

## EBENEZER SCRIBNER *versus* WILLIAM WHITCHER, et a.

Where a judgment has been rendered, by a justice of the peace, against any person, for neglect of military duty, no execution is to be issued, until the expiration of two days, after the day of rendering the judgment, exclusive of Sunday.

Where an execution appeared, on the face of it, to have been issued, and in fact issued, in such a case, before the expiration of the two days, but nothing was done under it until after the day when it might lawfully issue, and then the person, against whom it was issued, was arrested, it was held, that the arrest by virtue of the execution, was lawful.

THIS was an action of trespass for assaulting and imprisoning the plaintiff. The cause was submitted to the decision of the court upon the following facts.

Scribner. vs. Whitcher, et. a.

Samuel Colburne, one of the defendants, being the clerk of a militia company, exhibited to William Whitcher, another of the defendants and a justice of the peace, a complaint, against the plaintiff, for neglect of military duty; and on Friday, the 11th December, 1829, the said Whitcher rendered judgment, on the said complaint, as follows, to wit, that Scribner, the plaintiff in this case, should pay a fine of fifty cents and costs of prosecution, taxed at $7. On Monday, the 14 December, 1829, the justice issued an execution on that judgment, bearing teste the same day. The execution thus issued, was delivered by Marston, one of the defendants in this case, to Joshua Blaisdell, who was also a defendant, with a request that Blaisdell, who was a deputy sheriff, should serve the same.

On the 17th December, 1829, Blaisdell, by virtue of the said execution, arrested the body of the plaintiff and committed him to prison.

*Bell*, for the plaintiff, contended, that the plaintiff was entitled to two full days, by the statute regulating the collection of military fines, after the day when judgment was rendered against him, in order that he might have an opportunity to pay the fine and costs; and that no execution could lawfully issue against him, until he had had that time.

He further insisted that he was entitled to two full days, exclusive of Sunday. 4 Pick. 354, *Thayer* v. *Felt*; and that as the thirteenth day of December, 1829, was Sunday, the justice, in this case, had no authority to issue the execution until the 15th December, 1829. The execution having been prematurely issued on the 14th December, was void, and the defendants all trespassers. 10 Mass. Rep. 356, *Briggs* v. *Wardwell*.

*Goodall* and *Woods*, for the defendants.

The opinion of the court was delivered by RICHARDSON, C. J.

We are of opinion that a person, against whom judg-

ment has been rendered, for a fine, under the miltia laws, is entitled to two full days, exclusive of Sundays, after the day when judgment is rendered, to pay the fine and costs, before any execution can be taken out against him. The statute, on this subject, is in the following words: "If the person, against whom judgment shall be rendered, shall neglect, for the space of two days thereafter, to pay to such justice the amount of such fine and costs, the said justice shall issue execution." It is manifest that the execution is to be stayed two days, in order to give the soldier an opportunity to pay the forfeiture and costs, and save further costs and trouble; and such a provision, in the statute, ought to be construed liberally and in such a manner as to give full effect to the intention of the legislature. And to construe the statute to give two days, exclusive of Sundays, seems to us to be perfectly reasonable.

The execution, then, in this case, is tested, and actually issued, one day too soon, and the question is whether it is, on this account, void?

If it had been executed on the day when it issued, it must have been adjudged to have been, at that time, a nullity. It was so decided in *Briggs* v. *Wardwell*, 10 Mass. Rep. 356. In that case the arrest was made before the execution could lawfully issue. But in this case nothing was done until two days after the time when the justice was authorized to issue execution.

Does the circumstanc that it was, in fact, made out too soon, render it void? We think not. It is believed to be a common practice with the clerks of this court to make out executions, and in many cases to deliver them to attornies, before the time when they can lawfully issue, taking care to make the teste as on a day when they may lawfully issue. No inconvenience has resulted from this practice, and in many cases it has been a great accommodation to attorneys. But if the suing out of an execution too soon renders it void, the true time of suing

it out may be shown, notwithstanding the teste, and all executions thus issuing must be adjudged void.

Does the circumstance, that the execution was tested a day too soon, render it void? Surely not. Suppose it could be shown that the execution was, in fact, sued out in this case on the 15th December, and tested on the 14th, by mistake—could it be held that such a mistake rendered the execution void? We think not. If the justice had tested this execution a day later, although actually issued on the 14th, it would have been well enough. He, by mistake, tested the writ on a wrong day, and such a mistake does not make the execution void. A mistake in the teste of an execution is amendable. It was so held in former times, when much more rigid rules, as to amendments, prevailed, than are now adopted. And still more material mistakes in executions than mistakes in the teste have not unfrequently been amended. T. Jones, 41, *Smith* v. *Harwood*; 2 Burrows, 1187, *Campbell* v. *Cumming*; 1 Salkeld, 273, *Sherley* v. *Wright*; 2 Tidd's Prac. 956; 3 Caine's Rep. 98, *Holmes* v. *Williams*; 4 Taunt. 322, *Mackie* v. *Smith*; 4 M. & S. 329, *Hunt* v. *Pasman*; 5 D. & E. 577, *Newnham* v. *Law*; 9 Johns. 386, *Cramer* v. *Alslyne*; 1 Chitty's Rep. 349, *Stevenson* v. *Castle*; 2 Bl. Rep. 836, *Hunt* v. *Kendrick*; 1 Cowen, 33, *Center* v. *Billinghurst*.

We are, therefore, of opinion, that as the execution, in this case, is amendable, and not void, the defendants cannot be considered as trespassers for what had been done under it, and that, upon the case stated, they are entitled to judgment.