**Avemco v. Pond**                           **CV-94-73-B**    **06/11/96**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Avemco Insurance Company

    v.                                          Civil No. 94-73-B

J. Lawrence Pond, et al.


**O R D E R**

Nathan Pond won a declaratory judgment that Avemco Insurance
Company was obligated to provide coverage under his aircraft
liability policy for claims arising from an airshow accident.
Pond now seeks attorneys' fees and costs relying on New
Hampshire's declaratory judgment statute that provides for an
award of reasonable attorneys' fees and court costs "[i]n any
action to determine coverage of an insurance policy pursuant to
RSA 491:22, if the insured prevails in such action."  N.H. Rev.
Stat. Ann. § 491:22(b) (1983).

**A.   Application of Section 491:22**

Although Avemco based its request for a declaratory judgment
in part on section 491:22, it now argues that the statute does
not apply in this case because, until it was amended while this
case was pending, section 491:22 was unavailable unless the

underlying suit was brought in a New Hampshire state court.[1]  See Scully's Auto-Marine Upholstery, Inc. v. Peerless Ins. Co., 136 N.H. 65, 67 (1992); see also Town of Allenstown v. National Cas. Co., 36 F.3d 229, 231-32 (1994).  Accordingly, Avemco challenges Nate Pond's claim that he is entitled to recover his costs and attorneys fees under section 491:22(b).  I reject Avemco's belated attempt to disavow the applicability of the statute on which it based its claim for a declaratory judgment.  Having sought relief based on section 491:22, it cannot contend now that it has lost the case that the statute is inapplicable. Therefore, I will determine the fees to which the insureds are entitled under section 491:22(b).

## B.  Reasonable Attorneys' Fees and Court Costs

New Hampshire courts determine reasonable attorneys' fees pursuant to section 491:22(b), as for other awards of attorneys'

---

[1]  Section 491:22 was amended, effective January 1, 1995, to authorize expressly declaratory judgment actions to resolve insurance coverage disputes concerning claims filed in federal court.  Although it is likely that the New Hampshire Supreme Court would apply the current version of the statute to pending disputes such as the one at issue here, see, e.g., State v. Hamel, 138 N.H. 392, 394 (1994) (recognizing that new statute that is silent on retroactivity question will be applied to pending cases if the statute addresses only remedial or procedural rights), I need not determine whether the case is governed by the 1995 amendment here because Avemco has forfeited its right to assert the unavailability of section 491:22.

fees, by considering the factors provided in Rule 1.5(a) of the New Hampshire Rules of Professional Responsibility[2] along with other appropriate circumstances. <u>Commercial Union Assurance Co. v. Town of Derry</u>, 118 N.H. 469, 473 (1978); <u>see also</u> <u>In re Estate of Rolfe</u>, 136 N.H. 294, 299 (1992); <u>Cheshire Toyota/Volvo, Inc. v. O'Sullivan</u>, 132 N.H. 168, 170-71 (1989). Court costs are defined by Superior Court Rule 87(c).[3] Pond seeks to recover

---

[2] The factors listed in Rule 1.5(a) are as follows:
    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
    (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
    (3) the fee customarily charged in the locality for similar legal services.
    (4) the amount involved and the results obtained.
    (5) the time limitations imposed by the client or by the circumstances.
    (6) the nature and length of the professional relationship with the client.
    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
    (8) whether the fee is fixed or contingent.

[3] Superior Court Rule 87(c) provides:
The following costs shall be allowed to the prevailing party: Fees of the clerk, fees for service of process, witness fees, expense of view, cost of transcripts, and such other costs as may be provided by law. The court, in its discretion, may allow the stenographic

legal fees of $12,019.00, disbursements of $2,884.85, expert witness fees of $445.00, and unbilled work in progress of approximately $800.00. Avemco challenges the requested attorneys' fees on the grounds that they "pertain largely to the defense of the underlying matter rather than the defense of the declaratory judgment action" and that the expert witness fee is entered twice.

Avemco has not identified an example of a fee entry that is from the underlying suit rather than the declaratory judgment action. As Pond's counsel represents by affidavit that the fees and costs requested were incurred in the defense of the declaratory judgment action, and I have found no contrary indication in the submitted record of fees and costs, I find Avemco's challenge unpersuasive. After reviewing the records, however, I agree that the expert witness fee is entered as a disbursement and separately, resulting in a double entry. Also, I do not accept the request for $800.00 in unbilled work in progress as that amount is not supported by billing records.

_____

cost of an original transcript of a deposition, plus one copy, including the cost of videotaping, and may allow other costs including, but not limited to, actual costs of expert witnesses, if the costs were reasonably necessary to the litigation.

4

Avemco has not otherwise challenged the reasonableness of the request, and after considering the factors listed in Rule 1.5(a), I conclude that the remaining fees are reasonable and the costs are allowable.

Therefore, Pond is entitled to the attorneys' fees and costs requested, less the double entry for the expert witness fee and estimated work in progress, amounting to a total of $14,903.85.[4]

## CONCLUSION

For the foregoing reasons, defendant's motion for allowance of fees and costs (document no. 48) is granted, in part, in the amount of $14,903.85.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 11, 1996

cc:  Andrew D. Dunn, Esq.
     Jeffrey S. Cohan, Esq.
     Garry R. Lane, Esq.
     Michael G. Gfroerer, Esq.
     David B. Kaplan, Esq.

_____

[4] Although Avemco argues that Pond's request is premature because it has filed an appeal, Pond is the prevailing party in this action and is entitled to fees under the statute. See Fed. R. Civ. P. 54(d) and 58.

5